# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **GREGORY P. STEFAN,** | Case No. 1:19 CV 1894 |
| Petitioner, | Judge Solomon Oliver, Jr. |
| v. | Magistrate Judge James R. Knepp II |
| **WARDEN DOUGLAS FENDER,** | ORDER AND |
| Respondent. | REPORT AND RECOMMENDATION |

## INTRODUCTION

*Pro se* Petitioner Gregory P. Stefan ("Petitioner"), a prisoner in state custody, filed a Petition seeking a writ of habeas corpus under 28 U.S.C. § 2254 ("Petition"). (Doc. 1). He concurrently filed a Motion for Stay [and] Abeyance. (Doc. 3). Respondent Douglas Fender, Warden of Lake Erie Correctional Institution ("Respondent"), filed a Motion to Dismiss (Doc. 10)[1], and Petitioner replied (Doc. 11). The district court has jurisdiction over the Petition under § 2254(a). This matter has been referred to the undersigned for a Report and Recommendation pursuant to Local Rule 72.2(b)(2). (Non-document entry dated September 4, 2019). For the reasons discussed below, the undersigned GRANTS Petitioner's Motion for Stay [and] Abeyance (Doc. 3), and recommends Respondent's Motion to Dismiss (Doc. 10) be DENIED as moot.

## PROCEDURAL HISTORY

<u>State Court Conviction</u>

On November 24, 2015, a Cuyahoga County Grand Jury issued an indictment charging Petitioner with one count of importuning; one count of attempted unlawful sexual conduct with a

---

1. The Motion to Dismiss also responds to Petitioner's Motion for Stay. *See* Doc. 10, at 12-16.

minor, five counts of pandering sexually-oriented matter involving a minor (second-degree felony), five counts of pandering sexually-oriented matter involving a minor (fourth-degree felony), and one count of possessing criminal tools. (Ex. 1, Doc. 10-1, at 5-10). Through counsel, Petitioner pleaded not guilty to the charges. (Ex. 2, Doc. 10-1, at 11).

On May 31, 2016, Petitioner pleaded guilty to five counts of pandering sexually oriented matter involving a minor (second-degree felony), and to a single count each of: importuning, attempted unlawful sexual contact with a minor, and possession of criminal tools. (Ex. 5, Doc. 10-1, at 20). The remaining charges were nolled. *Id*. On August 23, 2016, Petitioner received an aggregate sentence of eleven years imprisonment and was declared a tier II sex offender. (Ex. 7, Doc. 10-1, at 61).

Direct Appeal

On September 21, 2016, Petitioner, through counsel, filed a notice of appeal to the Ohio Eighth District Court of Appeals. (Ex. 8, Doc. 10-1, at 64). In his brief, Petitioner raised two assignments of error:

1. TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE BY ADVISING MR. STEFAN TO ENTER GUILTY PLEAS ON COUNTS 3, 4, 5, 6, AND 7, BECAUSE THEY WERE EITHER TIME-BARRED OR THE TRIAL COURT LACKED VENUE, OR BOTH.

2. THE TRIAL COURT'S SENTENCE IS CONTRARY TO LAW.

(Ex. 10, Doc. 10-1, at 83). The State filed a brief in response (Ex. 11, Doc. 11-1, at 97-112), and Petitioner replied (Ex. 12, Doc. 10-1, at 114-20). On January 24, 2018, the Eighth District Court of Appeals affirmed the decision of the trial court. (Ex. 14, Doc. 10-1, at 124-40).

On March 8, 2018, Petitioner, *pro se*, filed a notice of appeal (Ex. 15, Doc. 10-1, at 141-42), and memorandum in support (Ex. 16, Doc. 10-1, at 143-77), to the Ohio Supreme Court. In his memorandum, Petitioner raised two propositions of law:

1. APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF AMENDMENTS VI AND XIV, OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10, OHIO CONSTITUTION.

2. THE TRIAL COURT ABUSED ITS DISCRETION BY IMPOSING A PRISON SENTENCE CONTRARY TO LAW PURSUANT TO R.C. §2929.14 AND THE PURPOSE AND PRINCIPLES OF THE FELONY SENTENCING GUIDELINES.

(Ex. 16, Doc. 10-1, at 147, 156). The State filed a waiver of memorandum in response. (Ex. 17, Doc. 10-1, at 178). On May 23, 2018, the Ohio Supreme Court declined to accept jurisdiction pursuant to S.Ct.Prac.R. 7.08(B)(4). (Ex. 18, Doc. 10-1, at 179).

Rule 26(B) Application for Reopening

On April 25, 2018, Petitioner, *pro se*, filed a Rule 26(B) application for reopening. (Ex. 19, Doc. 10-1, at 180-97). In it, he alleged his appellate counsel was ineffective for failing to raise two assignments of error on direct appeal:

1. APPELLATE COUNSEL WAS INEFFECTIVE FOR FAILING TO ASSIGN AS ERROR[:] TRIAL COUNSEL'S INEFFECTIVENESS FOR HIS FAILURE TO FULFILL HIS ADVERSARIAL ROLE TO THE STATE'S CASE DURING THE PLEA BARGAIN NEGOTIATION PROCESS. THEREFORE APPELLANT'S PLEA WAS NOT VOLUNTARILY, KNOWINGLY, AND INTELLIGENTLY GIVEN.

2. APPELLATE COUNSEL WAS INEFFECTIVE FOR FAILING TO ASSIGN AS ERROR[:] TRIAL COUNSEL'S INEFFECTIVENESS FOR HIS FAILURE TO OBJECT UPON THE RECORD TO THE TRIAL COURT'S SENTENCING OF THE APPELLANT TO A TERM OF []IMPRISONMENT CONTRARY TO STATUTE AND WHERE ITS FINDINGS WERE NOT SUPPORTED BY THE RECORD PURSUANT TO O.R.C. §2929.14.

(Ex. 19, Doc. 10-1, at 183, 188). The State filed a brief in opposition. (Ex. 20, Doc. 10-1, at 199-210). On August 24, 2018, the Ohio Eighth District Court of Appeals denied the application. (Ex. 21, Doc. 10-1, at 211-18).

On October 5, 2018, Petitioner, *pro se*, filed a notice of appeal to the Ohio Supreme Court. (Ex. 22, Doc. 10-1, at 219-20). In his memorandum in support, Petitioner raised the same two

3

propositions of law he raised to the Ohio Eighth District Court of Appeals. (Ex. 23, Doc. 10-1, at 224, 230). The State waived response (Ex. 24, Doc. 10-1, at 247), and on December 12, 2018, the Ohio Supreme Court declined to accept jurisdiction of the appeal pursuant to S.Ct.Prac.R. 7.08(B)(4) (Ex. 25, Doc. 10-1, at 248).

Petition to Vacate or Set Aside Judgment of Conviction or Sentence

On March 15, 2019, Petitioner, through counsel, filed a Petition to Vacate or Set Aside Judgment of Conviction or Sentence. (Ex. 26, Doc. 10-1, at 249-90). Petitioner raised the following claims:

1. Stefan's conviction and sentence is void or voidable as he was denied his constitutional right to effective assistance of counsel under the Sixth Amendment of the United States Constitution and Article I, Section 10 of the Ohio Constitution as defense counsel failed to fulfill his adversarial role against the State's case during the plea negotiation process and trial preparation stage; therefore, Stefan was forced into pleading guilty, thereby making Stefan's guilty plea not knowingly, intelligently, and voluntarily given.

2. Stefan's conviction and sentence is void or voidable as he was denied his constitutional right to effective assistance of counsel under the Sixth Amendment of the United States Constitution and Article I, Section 10 of the Ohio Constitution as defense counsel coerced Stefan into entering guilty plea with misinformation and/or legal misadvisement of the use of evidence already in the state's possession; therefore Stefan was forced into pleading guilty, thereby making his plea not knowingly, intelligently, and voluntarily given.

(Ex. 26, Doc. 10-1, at 257, 263). The State filed a brief in opposition. (Ex. 27, Doc. 10-1, at 292-300). On March 29, 2019, the trial court summarily denied the petition. (Ex. 28, Doc. 10-1, at 301).

On April 24, 2019, Petitioner, *pro se*, filed a notice of appeal to the Ohio Eighth District Court of Appeals. (Ex. 29, Doc. 10-1, at 302-11). Counsel entered an appearance on June 19, 2019. (Ex. 30, Doc. 10-1, at 312-14). In his counseled brief, Petitioner raised the following assignments of error:

1. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED STEFAN'S PETITION FOR POSTCONVICTION RELIEF IN VIOLATION

4

> OF THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
>
> 2. THE TRIAL COURT ERRED IN DENYING STEFAN'S PETITION FOR POSTCONVICTION RELIEF WHERE HE PRESENTED SUFFICIENT EVIDENCE DEHORS THE RECORD TO MERIT AN EVIDENTIARY HEARING.

(Ex. 31, Doc. 10-1, at 323, 336). The State responded in opposition (Ex. 32, Doc. 10-1, at 346-59), and Petitioner replied (Ex. 33, Doc. 10-1, at 360-73). This appeal remains pending, with oral argument scheduled for February 4, 2020. *See State v. Stefan*, Case No. CA-19-108487 (Ohio App. 8th Dist.).

### FEDERAL HABEAS CORPUS

Petitioner filed a *pro se* Petition with the United States District Court on August 16, 2019. (Doc. 1). In it, Petitioner raised six grounds for relief:

> **GROUND ONE**: Stefan's trial counsel rendered ineffective assistance of counsel by [] advising Stefan to enter guilty pleas on Counts 3, 4, 5, 6, and 7, as they were either time-barred or the trial court lacked venue, or both in violation of the Sixth Amendment to the United States Constitution.
>
> **GROUND TWO**: Petitioner's Due Process & Constitutional rights were violated when the trial court sentenced Stefan to a term of imprisonment contrary to law and where the record is insufficient to establish factual support for a sentence of maximum and consecutive terms of imprisonment.
>
> **GROUND THREE**: Stefan's appellate counsel was ineffective for failing to assign as error, trial counsel's ineffectiveness for his failure to fulfill his adversarial role to the State's case during the plea negotiation process. Therefore Stefan's plea was not knowingly, and intelligently given in violation of the Sixth Amendment, US Const.
>
> **GROUND FOUR**: Stefan's appellate counsel was ineffective for failing to assign as error trial counsel's ineffectiveness for trial counsel's failure to object upon the record to the trial court's sentencing error imposed upon Stefan where the Court's findings were not supported by the record.

5

    **GROUND FIVE**: Stefan's conviction and sentence is void or voidable as Stefan was denied his Constitutional right to effective assistance of counsel under the Sixth Amendment of the United States Constitution and Article I, Section 10 of the Ohio Constitution as defense counsel failed to fulfill his adversarial role against the State's case during the plea negotiation process and trial preparation stage.

    **GROUND SIX**: Stefan's conviction and sentence is void or voidable as Stefan was denied his Constitutional right to effective assistance of counsel under the Sixth Amendment of the United States Constitution and Article I, Section 10 of the Ohio Constitution as defense counsel coerced Stefan into entering a guilty plea with legal misadvisement of the use of evidence already in the State's possession; therefore Stefan was forced into pleading guilty, thereby making his plea not knowingly, intelligently, and voluntarily given.

(Doc. 1, at 5-16) (capitalization altered).

## DISCUSSION

Petitioner moves the Court to stay the instant Petition for Writ of Habeas Corpus (Doc. 1) so that he may fully exhaust Grounds Five and Six through all levels of the Ohio courts through his pending petition for postconviction relief. (Doc. 3); *see also* Ex. 26, Doc. 10-1, at 249-90 (petition for postconviction relief to the Cuyahoga Court of Common Pleas filed March 15, 2019); Ex. 31, Doc. 10-1, at 315-44 (memorandum in support of appeal to the Ohio Eighth District Court of Appeals filed July 26, 2019). His petition for postconviction relief – containing Grounds Five and Six – is currently pending before the Eighth District Court of Appeals. The appellate docket reflects that oral argument was scheduled for February 4, 2020. *See State v. Stefan*, Case No. CA-19-108487 (Ohio App. 8th Dist.) (docket entry dated Dec. 23, 2019), *available at*, https://cpdocket.cp.cuyahogacounty.us (last visited February 20, 2020). Respondent, in turn, moves the Court to dismiss the Petition, without prejudice, as a mixed petition containing both exhausted (Grounds One through Four) and unexhausted claims (Grounds Five and Six). (Doc.

10). Alternatively, Respondent contends the Court may permit Petitioner to delete the two unexhausted grounds and proceed to judgment solely on the exhausted claims, Grounds One through Four. *Id*. at 16. Respondent's argument against a stay is tepid, at best. In addition to his mixed petition argument, Respondent contends Petitioner fails to meet the *Rhines* criteria necessary to justify a stay. (Doc. 10, at 14-17). For the following reasons, the undersigned GRANTS Petitioner's Motion for a Stay (Doc. 3), and recommends Respondent's Motion to Dismiss (Doc. 10) be DENIED as moot.

A habeas corpus petition may not be granted "unless it appears that the applicant has exhausted the remedies in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Generally speaking, a federal district court may not grant a writ of habeas corpus on a "mixed" petition, that is, one containing both exhausted and unexhausted claims. *Harris v. Lafler*, 553 F.3d 1028, 1031 (6th Cir. 2009); *see also Rockwell v. Yukins*, 217 F.3d 421, 422 (6th Cir. 2000) ("Although [the exhaustion] requirement is not jurisdictional, a petition that includes unexhausted claims will ordinarily not be considered by a federal court absent 'unusual' or 'exceptional' circumstances.").

In *Harris*, the Sixth Circuit enumerated a district court's options with respect to a petition that contains both exhausted and unexhausted claims:

> When faced with this predicament in the past, we have vacated the order granting the writ and remanded the case to the district court so that it could do one of four things: (1) dismiss the mixed petition in its entirety, *Rhines*, 544 U.S. at 274, 125 S.Ct. 1528; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims, *id.* at 275, 125 S.Ct. 1528; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, *id.* at 278, 125 S.Ct. 1528; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit, 28 U.S.C. § 2254(b)(2).

553 F.3d at 1031-32.

A federal court may exercise its "limited discretion" in holding a petition in abeyance if a petitioner presents a "mixed petition". 28 U.S.C. § 2254(b); *see also Rose v. Lundy*, 455 U.S. 509, 515-16 (1982). To do so, Petitioner must show he meets the criteria set forth in *Rhines v. Weber*, 544 U.S. 269 (2005). Pursuant to *Rhines*, the procedure is only appropriate when: 1) there is good cause for failure to exhaust in state court; 2) the unexhausted claims are not "plainly meritless"; and 3) there is no indication the petitioner engaged in intentionally dilatory litigation tactics. *Id*. at 277-78.

Petitioner certainly presents a mixed Petition here as Grounds Five and Six are unexhausted. As Respondent points out – and Petitioner agrees – the petition for postconviction relief (containing these unexhausted grounds) was untimely by over one year. (Doc. 11, at 4); (Doc. 10, at 15-16) (citing Ex. 35, Doc. 10-1, at 380-82) (docket sheet)). Generally, to show "good cause" for a failure to exhaust state remedies, a petitioner must show why he failed to use available state remedies timely and appropriately. *See, e.g.*, *Jalowiec v. Bradshaw*, 657 F.3d 293, 304-05 (6th Cir. 2011) (finding, in the context of procedural default, that the state's concealment of relevant facts, resulting in a failure to raise a claim within the relevant time period, was relevant to showing good cause for a failure to exhaust); *Hodge v. Haeberlin*, 579 F.3d 627, 637-38 (6th Cir. 2009) (finding a lack of due diligence in discovering relevant facts was relevant to good cause for a failure to timely exhaust claims).

In attempting to establish "good cause" for his failure to timely exhaust these claims – Petitioner asserts he was "unavoidably prevented from discovering facts upon which his postconviction petition is based until after the time limit for a timely postconviction petition had passed", citing Ohio Revised Code § 2953.23 in support. (Doc. 11, at 4). He asserts that that, under Ohio law, an untimely petition for postconviction relief may still be entertained if a petitioner

shows he was unavoidably prevented from discovering the facts upon which he must rely to present his claims. O.R.C. § 2953.23(A)(1)(a). This statute is offered without explanation as to its application here, i.e., exactly how he was "unavoidably prevented" from discovering certain facts. However, in the Motion for Stay, Petitioner attempts to incorporate by reference his state court postconviction petition. *See* Doc. 3, at 1. There, Petitioner asserts his postconviction petition was untimely filed because the plea agreement upon which his claim is based was inadvertently omitted from the State's record on direct appeal, thereby satisfying the aforementioned statutory exception. *See* Ex. 31, Doc. 10-1, at 326-27. In response, the State obviously disagrees, arguing Petitioner fails to satisfy the criteria under Ohio law. (Ex. 32, Doc. 10-1, at 352-53).

Neither the Supreme Court in *Rhines*, nor the Sixth Circuit Court of Appeals in the years following, have provided much guidance as to what constitutes "good cause". In *dicta*, the Supreme Court noted that, "a petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute good cause[.]" *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005). Recognizing the ambiguity at hand, another judge of this Court analyzed the courses taken by other courts and ultimately took a pragmatic approach in *Woodson v. Smith*:

> Several district courts have adopted a good cause standard that is also required to overcome procedural defaults, finding good cause only when a petitioner could demonstrate that there was some objective factor, external to the petitioner, that prevented exhaustion of state claims. *See Hernandez v. Sullivan*, 397 F.Supp.2d 1205, 1206–07 (C.D.Cal.2005) (finding that petitioner lacked good cause by comparing cause for procedural default and determining that petitioner could not demonstrate that his failure to exhaust was based on an external objective factor, not attributed to him); s*ee also Riner v. Crawford,* 415 F.Supp.2d 1207, 1209–11 (D.Nev.2006) (providing an analysis of cases discussing the good cause definition in stay and abeyance proceedings).

> Other federal courts have devised a less stringent rule. The Ninth Circuit Court of Appeals has not given explicit instructions on the issue, but instead concluded that a showing of good cause did not require a showing of extraordinary circumstances. *See Jackson v. Roe,* 425 F.3d 654, 661–62 (9th Cir.2005). Some district courts only require a petitioner to demonstrate a legitimate reason for failure to exhaust. *See*

9

> *Henry v. McDonough*, 2009 WL 762219, *3–6 (S.D.Fla.2009) (denying stay, in part, where petitioner [could] not demonstrate a legitimate reason for failing to raise unexhausted claims during state appeal process); *see also Cueto,* 2010 U.S. Dist. Lexis 44819 at *45–46, 2010 WL 1258065. While other courts have found it relevant to examine the petitioner's existing efforts in pursuing the unexhausted claims in state court when conducting a good cause assessment. *See Rey v. New Jersey,* 2007 WL 2600748 *4 (D.N.J.2007) (finding petitioner lacked good cause, in part, based on petitioner's failure to suggest that he pursued unexhausted claims in state court); *see also Cueto,* 2010 U.S. Dist. Lexis 44819 at *47–48, 2010 WL 1258065.
>
> Pursuant to the Ninth Circuit Court of Appeal's pronouncement that establishing good cause need not require an "extraordinary" event, and other federal courts' less stringent assessment of good cause, Woodson succeeds in establishing good cause. The record before the Court indicates that Woodson has a legitimate reason for failing to exhaust his state remedies. The record reflects that Woodson took affirmative steps to comply with the exhaustion requirement, and at one time, was even successful. Moreover, his state remedies would have remained exhausted but for external factors causing his re-sentencing.
>
> Additionally, the Court, likewise, finds it significant that Woodson has existing efforts underway to exhaust his State remedies.

2010 WL 3781579, at *3-4 (N.D. Ohio). Many of these same factors weigh in Petitioner's favor here. Like *Woodson*, Petitioner's case is well underway before the Eighth District Court of Appeals. *See See State v. Stefan*, Case No. CA-19-108487 (Ohio App. 8th Dist.) (docket entry dated Dec. 23, 2019), *available at*, https://cpdocket.cp.cuyahogacounty.us (last visited February 20, 2020). Further, he filed his postconviction petition nine months after he learned of the the record error. *See* Ex. 20, Doc. 10-1, at 198-210 (Rule 26(B) response where Petitioner alleges he first learned of the plea agreement omission, filed June 26, 2018); *see also* Ex. 26, Doc. 10-1, at 249-90 (petition for postconviction relief filed March 15, 2019). And, notably, Petitioner is not asking the Court to stay his Petition to *start* a State appeal, he is merely asking the Court to allow him time to finish one. The undersigned thus finds this factor weighs in favor of permitting a stay.

To the second prong, the Court must determine whether Petitioner's claims are "plainly meritless." *Rhines*, 544 U.S. at 277-78. As with "good cause", the Supreme Court did not establish

10

a clear standard for determining what constitutes a "plainly meritless" claim. *See id*. "Most courts applying the standard do so in conclusory fashion without weighing or even considering the evidence." *Strickland v. Berghuis*, 2013 WL 2482895, at *2 (E.D. Mich.); *Bartelli v. Wynder*, 2005 WL 1155750, at *2 (E.D. Pa.) (holding, without analysis, that claims were not "plainly meritless" because they alleged a violation of petitioner's constitutional rights that could serve as grounds for granting a writ of habeas corpus if supported by sufficient facts.); *Woodson*, 2010 WL 3781579, at *4 (holding, without further analysis: "The record reflects that Woodson's claims are potentially meritorious in that none of his claims are plainly without merit."). The undersigned finds Petitioner's claims, in Grounds Five and Six, are not plainly without merit. If proven true, and if fully exhausted, these grounds – alleging ineffective assistance of counsel – could (hypothetically speaking) give rise to a federal habeas corpus claim. A full merits analysis would only be appropriate after the two grounds have been fully exhausted, and after more complete briefing by the Respondent. As such, this prong weighs in favor of stay.

As to the third *Rhines* criteria, Petitioner has professed, and the record before the Court reflects, that he did not engage in intentionally dilatory tactics. (Doc. 11, at 4). As such, the undersigned finds this factor does not weigh against granting a stay.

Accordingly, the grants Petitioner's Motion for Stay (Doc. 3). It is further recommended that Respondent's Motion to Dismiss (Doc. 10), be denied as moot because it is based upon the dismissal of the mixed Petition.

**CONCLUSION AND RECOMMENDATION**

Following review, and for the reasons stated above, the Motion for Stay [and] Abeyance (Doc. 3) is GRANTED, and the Court recommends Respondent's Motion to Dismiss (Doc. 10) be DENIED as moot.

s/ James R. Knepp II<br>
United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).