IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GREGORY P. STEFAN, | CASE NO. 1:19-CV-01894-SO |
| Petitioner, | JUDGE SOLOMON OLIVER, JR. |
| vs. | MAGISTRATE JUDGE DARRELL A. CLAY |
| WARDEN DOUGLAS FENDER, | **REPORT AND RECOMMENDATION** |
| Respondent. | |

On August 21, 2019, Petitioner Gregory P. Stefan, a prisoner in state custody, filed a *pro se* Petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. (ECF #1). Respondent Douglas Fender, in his official capacity as Warden of the Lake Erie Correctional Institution, filed a Return of Writ (ECF #19) on January 6, 2021, and Mr. Stefan filed a Traverse to Return of Writ (ECF #23) on March 22, 2021. The District Court has jurisdiction over the Petition under § 2254(a). On September 4, 2019, pursuant to Local Civil Rule 72.2, this matter was referred to a Magistrate Judge for preparation of a Report and Recommendation (non-document entry dated Sept. 4, 2019), and it was reassigned to me on May 21, 2022 (non-document entry dated May 21, 2021).

For the reasons discussed below, I recommend the Petition be **DISMISSED.** I further recommend that Mr. Stefan's request for an evidentiary hearing be denied and he not be granted a certificate of appealability.

1

FACTUAL BACKGROUND

For purposes of habeas corpus review of state court decisions, a state court's findings of fact are presumed correct and can be contravened only if the habeas petitioner shows, by clear and convincing evidence, that the state court's factual findings are erroneous. 28 U.S.C. § 2254(e)(1); *Moore v. Mitchell*, 708 F.3d 760, 775 (6th Cir. 2013); *Mitzel v. Tate*, 267 F.3d 524, 530 (6th Cir. 2001). This presumption of correctness applies to factual findings made by a state court of appeals based on the state trial court record. *Mitzel*, 267 F.3d at 530.

In its opinion affirming Mr. Stefan's guilty plea and sentence, the Ohio Eighth District Court of Appeals summarized the facts underlying Mr. Stefan's appeal as follows:

{¶ 3} In July 2015, Investigator Miranda Helmick ("Helmick") posted an online profile in Motherless.com, a sex-related chat room, posing as a 29-year-old mother with a fictional 14-year-old daughter, living in Cuyahoga County. At the sentencing hearing, Helmick spoke as to how the relationship between her and Stefan began and continued. The exchange between Helmick and the trial court continued as follows:

HELMICK: My name is Miranda Helmick. I'm a special investigator with Ohio Internet Crimes Against Children Task Force. While I'm honored to serve the task force in the fight against the evil of the internet, I continue to be shocked and saddened at the lengths that online offenders go to in order to exploit children. And this defendant is no different. From the very beginning, Gregory Stefan made it very clear what he wanted. It began with an internet site that described itself as a moral free, fetish, pornographic social media site. This defendant created a group with the desire to, in quotes, meet like-minded people, trade stories and content and fuck. Furthermore, Gregory Stefan engaged in sexual explicit online conversation with not only what he believed was a 29-year-old mother but also what he believed was her 14-year-old minor female child. His sexual charged conversations with this minor child included his interest in engaging in masturbation and oral sex with the child, telling her that he wanted to, in quotes, tickle her pink and kiss her hidden treasures, nipples, between her legs, maybe finger. Furthermore, this defendant, during the course of these online conversations, indicated that he had some previous experience sexually abusing a younger female cousin. The online world however was not enough for Gregory Stefan. On three occasions between August 25, 2015, and October 9, 2015, the defendant got into his vehicle and traveled to areas where he believed the minor 14-year-old child to be located. On August 25, 2015, the defendant traveled

2

without his family to a local county fair hoping to catch a glimpse of the child. Task force surveillance at the fair observed him standing at the front gate watching people as they exited. On October 6, 2015, the defendant told the child that he was in her city for work and expressed an interest in meeting up. Three days later the defendant again told the child that he was in her city and began asking again questions about her school. Again, a task force surveillance team observed the defendant at a gas station where the child had agreed to meet him.

COURT: Now, let me interrupt you if I can, if that's all right. You set up a profile; is that correct—

HELMICK: Yes.

COURT: —as an undercover police officer? And you posed yourself as a 29-year-old single mother with a 14-year-old daughter; is that correct?

HELMICK: That's correct, your Honor.

COURT: And where did you say you lived? What county did you say you lived in?

HELMICK: In Cuyahoga County.

COURT: And you said which school you went to?

HELMICK: I told him the city that I was located in.

COURT: You told him the city. That city was which city?

HELMICK: Brook Park.

COURT: All right. And there was a fair in the City of Brook Park or—

HELMICK: No, your Honor. That city was the Lorain County fair.

COURT: Lorain County fair. Then task force officers watched the defendant at the fair looking for the profile of this 14-year-old girl?

HELMICK: That's correct.

COURT: All right. Thank you. Keep going. I'm sorry.

HELMICK: So going back to October 6, 2015, our task force surveillance team observed the defendant at a gas station where the child had agreed to meet him. Based on my lack of manpower, the task force postponed the meeting. Dejected and

3

undeterred, the defendant told the child he understood and expressed a continued interest meeting the child the following week. Finally, on October 13, 2015, Gregory Stefan was arrested after traveling to meet what he believed was a minor 14–year-old female child for the purpose of engaging in sexual activity. In the hours leading to his arrest, this defendant was expressing his sexual desires to the child and instructing her how to masturbate. A search of the defendant's GPS units within his vehicle confirmed what the task force already knew from the first time that the defendant had traveled to attempt to meet what he believed was a child. Even after his arrest and advisement of his Miranda rights, Gregory Stefan in what may be the most compelling piece of evidence in this case and these types of investigations, admitted to this task force that he had traveled to the child's city to engage in sexual activity with her, a statement that he made without ever laying eyes on an actual child or even knowing that she existed. I would submit to this court that such a statement would only be made by an individual who truly believed he was talking with a real child and who had a real interest in sexual abusing children. If those facts are not enough to compel this court to impose a lengthy prison sentence, then I would call your attention to a search warrant that was executed the following day at the defendant's Lorain, Ohio, residence, a search warrant that uncovered the defendant's 18–year interest in child pornography, child pornography files found on CDs, DVDs and other items of electronic evidence with dates ranging from 1997 to the present.

(ECF #10-1, PageID 245-49; *see also State v. Stefan*, 2018 WL 565476, *1-2 (Ohio Ct. App. 2018),

*appeal not allowed*, 98 N.E.3d 296 (table)).

## PROCEDURAL HISTORY

**State Court Conviction**

On November 24, 2015, a Cuyahoga County Grand Jury issued a thirteen-count indictment charging Mr. Stefan with one count of importuning, one count of attempted unlawful sexual conduct with a minor, five counts of pandering sexually-oriented matter involving a minor (second-degree felony), five counts of pandering sexually-oriented matter involving a minor (fourth-degree felony), and one count of possessing criminal tools. (ECF #10-1, PageID 124-29). Through counsel, Mr. Stefan pleaded not guilty to the charges. (*Id.* at PageID 130).

On May 31, 2016, Mr. Stefan pleaded guilty to five counts of pandering sexually oriented matter involving a minor (second-degree felony), and to a single count each of importuning,

4

attempted unlawful sexual contact with a minor, and possession of criminal tools. (*Id.* at PageID 139). The remaining charges were nolled. (*Id.*). On August 23, 2016, Mr. Stefan received an aggregate sentence of eleven years of imprisonment and was declared a tier II sex offender. (*Id.* at PageID 180).

**Direct Appeal**

On September 21, 2016, Mr. Stefan, through counsel, filed a notice of appeal to the Ohio Eighth District Court of Appeals. (*Id.* at PageID 183). In his brief, Mr. Stefan raised two assignments of error:

1.  Trial counsel rendered ineffective assistance by advising Mr. Stefan to enter guilty pleas on Counts 3, 4, 5, 6, and 7, because they were either time-barred or the trial court lacked venue, or both.

2.  The trial court's sentence is contrary to law.

(*Id.* at PageID 202-13). The State filed a brief in response (*Id.* at PageID 215-31), and Mr. Stefan replied. (*Id.* at PageID 232-39). On January 24, 2018, the Eighth District Court of Appeals affirmed the trial court's decision. (*Id.* at PageID 243-59).

On March 8, 2018, Mr. Stefan, *pro se*, filed a notice of appeal and memorandum in support of jurisdiction to the Ohio Supreme Court. (*Id.* at PageID 260-79). In his memorandum, Mr. Stefan raised two propositions of law:

1.  Appellant was denied effective assistance of counsel in violation of Amendments VI and XIV, of the United States Constitution and Article I, Section 10, Ohio Constitution.

2.  The trial court abused its discretion by imposing a prison sentence contrary to law pursuant to R.C. § 2929.14 and the purpose and principles of the felony sentencing guidelines.

(*Id.* at PageID 263). The State filed a waiver of memorandum in response. (*Id.* at PageID 297). On May 23, 2018, the Ohio Supreme Court declined to accept jurisdiction pursuant to Rule 7.08(B)(4) of the Ohio Supreme Court Rules of Practice. (*Id.* at PageID 298).

**Rule 26(B) Application for Reopening**

On April 25, 2018, Mr. Stefan, *pro se*, filed a Rule 26(B) application for reopening. (*Id.* at PageID 299-313). In it, he alleged his appellate counsel was ineffective for failing to raise two assignments of error on direct appeal:

1.  Appellate counsel was ineffective for failing to assign as error trial counsel's ineffectiveness for his failure to fulfill his adversarial role to the state's case during the plea bargain negotiation process. Therefore appellant's plea was not voluntarily, knowingly, and intelligently given.

2.  Appellate counsel was ineffective for failing to assign as error[:] trial counsel's ineffectiveness for his failure to object upon the record to the trial court's sentencing of the appellant to a term of [ ]imprisonment contrary to statute and where its findings were not supported by the record pursuant to [O.R.C.] § 2929.14.

(*Id.* at PageID 302, 307) (cleaned up). The State filed a brief in opposition. (*Id.* at PageID 317-29). On August 24, 2018, the Eighth District denied the application. (*Id.* at PageID 330-37).

On October 5, 2018, Mr. Stefan, *pro se*, filed a notice of appeal to the Ohio Supreme Court. (*Id.* at PageID 338-39). In his memorandum in support of jurisdiction, Mr. Stefan raised the same two propositions of law he raised to the Eighth District. (*Id.* at PageID 343, 349). The State waived response (*Id.* at PageID 366), and on December 12, 2018, the Ohio Supreme Court declined to accept jurisdiction. (*Id.* at PageID 367).

**Petition to Vacate or Set Aside Judgment of Conviction or Sentence**

On March 15, 2019, Mr. Stefan, through counsel, filed a Petition to Vacate or Set Aside Judgment of Conviction or Sentence. (*Id.* at PageID 368-89). He raised the following claims:

6

1. Stefan's conviction and sentence is void or voidable as he was denied his constitutional right to effective assistance of counsel under the Sixth Amendment of the United States Constitution and Article I, Section 10 of the Ohio Constitution as defense counsel failed to fulfill his adversarial role against the State's case during the plea negotiation process and trial preparation stage; therefore, Stefan was forced into pleading guilty, thereby making Stefan's guilty plea not knowingly, intelligently, and voluntarily given.

2. Stefan's conviction and sentence is void or voidable as he was denied his constitutional right to effective assistance of counsel under the Sixth Amendment of the United States Constitution and Article I, Section 10 of the Ohio Constitution as defense counsel coerced Stefan into entering guilty plea with misinformation and/or legal misadvisement of the use of evidence already in the state's possession; therefore Stefan was forced into pleading guilty, thereby making his plea not knowingly, intelligently, and voluntarily given.

(*Id.* at PageID 76, 382). The State filed a brief in opposition. (*Id.* at PageID 410-18). On March 29,

2019, the trial court summarily denied the petition. (*Id.* at PageID 420).

On April 24, 2019, Mr. Stefan, *pro se*, filed a notice of appeal to the Eighth District. (*Id.* at

PageID 427-30). Counsel entered an appearance on June 19, 2019. (*Id.* at PageID 431-32). In his

counseled brief, Mr. Stefan raised the following assignments of error:

1. The trial court abused its discretion when it denied Stefan's petition for postconviction relief in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

2. The trial court erred in denying Stefan's petition for postconviction relief where he presented sufficient evidence dehors the record to merit an evidentiary hearing.

(*Id.* at PageID 442, 455). The State responded in opposition (*Id.* at PageID 464-77), and Mr. Stefan

replied (*Id.* at PageID 479-91). On April 2, 2020, the Eighth District affirmed the trial court's

decision. (ECF #19-1, PageID 590-600).

On May 8, 2020, Mr. Stefan, *pro se*, filed a notice of appeal to the Ohio Supreme Court.

(*Id.* at PageID 601-02). In his memorandum in support of jurisdiction, Mr. Stefan raised the same

two propositions of law he raised with the Eighth District. (*Id.* at PageID 610, 618). The State

waived response (*Id.* at PageID 633), and on July 7, 2020, the Ohio Supreme Court declined to

accept jurisdiction. (*Id.* at PageID 634).

## FEDERAL HABEAS CORPUS

Mr. Stefan filed a *pro se* Petition with this Court on August 21, 2019. (ECF #1). In it, Mr.

Stefan raised eight grounds for relief:

> **Ground One**: Stefan's trial counsel rendered ineffective assistance of counsel by [ ] advising Stefan to enter guilty pleas on Counts 3, 4, 5, 6, and 7, as they were either time-barred or the trial court lacked venue, or both in violation of the Sixth Amendment to the United States Constitution.

> **Ground Two**: Petitioner's Due Process & Constitutional rights were violated when the trial court sentenced Stefan to a term of imprisonment contrary to law and where the record is insufficient to establish factual support for a sentence of maximum and consecutive terms of imprisonment.

> **Ground Three**: Stefan's appellate counsel was ineffective for failing to assign as error, trial counsel's ineffectiveness for his failure to fulfill his adversarial role to the State's case during the plea negotiation process. Therefore, Stefan's plea was not knowingly, and intelligently given in violation of the Sixth Amendment, US Const.

> **Ground Four**: Stefan's appellate counsel was ineffective for failing to assign as error trial counsel's ineffectiveness for trial counsel's failure to object upon the record to the trial court's sentencing error imposed upon Stefan where the Court's findings were not supported by the record.

> **Ground Five**: Stefan's conviction and sentence is void or voidable as Stefan was denied his Constitutional right to effective assistance of counsel under the Sixth Amendment of the United States Constitution and Article I, Section 10 of the Ohio Constitution as defense counsel failed to fulfill his adversarial role against the State's case during the plea negotiation process and trial preparation stage.

> **Ground Six**: Stefan's conviction and sentence is void or voidable as Stefan was denied his Constitutional right to ineffective assistance of counsel under the Sixth Amendment of the United States Constitution and Article I, Section 10 of the Ohio Constitution as defense counsel coerced Stefan into entering a guilty plea with legal misadvisement of the use of evidence already in the State's possession; therefore

Stefan was forced into pleading guilty, thereby making his plea not knowingly, intelligently, and voluntarily given.

(ECF #1 at PageID 5-17) (capitalization altered). Mr. Stefan requests that the Court grant his Petition or hold an evidentiary hearing to develop the facts more fully. (*Id.* at PageID 15). Additionally, Mr. Stefan requests specific performance of the initial plea agreement. (*Id.*).

## STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 governs Mr. Jennings's Petition for writ of habeas corpus. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA recognizes that "[s]tate courts are adequate forums for the vindication of federal rights" and therefore acts as a "formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." *Burt v. Titlow*, 571 U.S. 12, 19 (2013). It "dictates a highly deferential standard for evaluating state-court rulings which demands that state-court decisions be given the benefit of the doubt." *Bell v. Cone*, 543 U.S. 447, 455 (2005) (internal citation and quotation omitted).

The AEDPA provides that an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

    (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or

    (2)    resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

Habeas courts review the last explained state-court judgment on the federal claim at issue. *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991). For purposes of § 2254(d)(1), clearly established

federal law "is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). It includes "the holdings, as opposed to dicta, of [Supreme Court] decisions." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

A state court decision is contrary to Supreme Court precedent if the state court arrives at a conclusion opposite that reached by the Court on a question of law or if the state court decides a case differently than the Court has decided on a set of materially indistinguishable facts. *Williams*, 529 U.S. at 405; *White v. Mitchell*, 431 F.3d 517, 523 (6th Cir. 2005). The word "contrary" means "diametrically different, opposite in character or nature, or mutually opposed. *Williams*, 529 U.S. at 405. A state court does not act contrary to clearly established law when the precedent of the Supreme Court is ambiguous or nonexistent. *See, e.g., Mitchell v. Esparza*, 540 U.S. 12, 17 (2003) (per curiam).

A state court decision involves an unreasonable application of the Court's precedent if the state court identifies the correct governing legal rule from the Court's cases but unreasonably applies it to the facts of the state prisoner's case, or if the state court either unreasonably extends a legal principle from the Court's precedent to a new context where it should not be applied or unreasonably refuses to extend that principle in a new context where it should apply. *Williams,* at 407. The appropriate measure of whether a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-11; *see also Machacek v. Hofbauer*, 213 F.3d 947, 953 (6th Cir. 2000), *cert. denied*, 531 U.S. 1089 (2001). "It bears repeating that even a strong

case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

Under § 2254(d)(2), state court factual determinations stand unless they are objectively unreasonable in light of the evidence presented in state court. *Harrington*, 562 U.S. at 100. The Supreme Court has repeatedly emphasized "a state court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion." *Burt*, 571 U.S. at 18.

Under § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct. [Petitioner] shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2554(e)(1). Comity principles also require federal courts to defer to a state's judgment on issues of state law and state procedural law. *Murray v. Carrier*, 477 U.S. 478, 491 (1986); *Engle v. Isaac*, 456 U.S. 107, 128-129 (1982). Federal courts must accept a state court's interpretation of its statutes and its rules of practice. *Duffel v. Dutton*, 785 F.2d 131, 133 (6th Cir. 1986).

The standard is intended to be difficult to meet and reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal. *Harrington*, 562 U.S. at 102-03. To obtain "habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Id.* at 103.

PROCEDURAL BARRIERS

Before a petitioner's federal habeas claims are reviewed on the merits, the petitioner must overcome several procedural barriers. These barriers, including exhaustion of state remedies and procedural default, limit a petitioner's access to review on the merits of a constitutional claim. *Daniels v. United States*, 532 U.S. 374, 381 (2001).

**Exhaustion of Available State Court Remedies**

A court may not grant a petition for habeas corpus unless it appears that the petitioner has exhausted available state court remedies, there is an absence of available state corrective process, or circumstances exist that render such state process ineffective to protect the rights of the petitioner. § 2254(b)(1). Typically, the exhaustion requirement is satisfied when the petitioner fairly presents all claims to the highest court in the state in which the petitioner was convicted, giving the state a full and fair opportunity to rule on the petitioner's claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). A claim is fairly presented when both the factual and legal basis for the claim has been introduced to the state courts. *Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2000). A failure to exhaust applies only where state remedies remain "available at the time of the federal petition." *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). In contrast, where state court remedies are no longer available, procedural default, discussed more fully below, rather than exhaustion applies. *Id.*

**Procedural Default**

There are two avenues by which a petitioner's claim may be procedurally defaulted. *Id.* First, procedural default of a claim occurs if a petitioner "fails to comply with state procedural rules in presenting his claim to the appropriate state court." *Id.* To determine whether a

12

petitioner's failure to comply with a state procedural rule bars review of his habeas claims, courts in the Sixth Circuit perform a four-pronged analysis: (1) whether there is a state procedural rule applicable to petitioner's claim and whether petitioner failed to comply with that rule; (2) whether the state court enforced the procedural rule; (3) whether the procedural rule is an adequate and independent state ground on which the state can foreclose review of the federal constitutional claim; and (4) whether the petitioner can demonstrate cause for [his] failure to follow the rule and that [he] was actually prejudiced by the alleged constitutional error. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).

Second, a claim may be procedurally defaulted by the petitioner failing to raise it in state court and pursue that claim through the state's "ordinary appellate review procedures." *Williams*, 460 F.3d at 806 (citing *O'Sullivan*, 526 U.S. at 848 (1991)); *see also Baston v. Bagley*, 282 F. Supp. 2d 655, 661 (N.D. Ohio 2003) ("Issues not presented at each and every level [of the state courts] cannot be considered in a federal habeas corpus petition."). As addressed above, "If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, the claim is procedurally defaulted." *Id.*

A petitioner may overcome procedural default by demonstrating cause for the default and actual prejudice that resulted from the alleged violation of federal law or that there will be a fundamental miscarriage of justice if the claims are not considered. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "The cause standard in procedural-default cases requires the petitioner to show that some objective factor external to the defense impeded counsel's efforts to raise a claim in the state courts." *Wogenstahl v. Mitchell*, 668 F.3d 307, 321 (6th Cir. 2012). There is no prejudice

13

where the petitioner does not show a reasonable probability of a different verdict. *Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003).

Ineffective assistance of counsel may serve as cause to excuse a procedural default, but the ineffective assistance claim itself must not be procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000); *see also Murray*, 477 U.S. at 489 ("Ineffective assistance adequate to establish cause for procedural default of some other constitutional claim is itself an independent constitutional claim. And ... the principles of comity and federalism that underlie our longstanding exhaustion doctrine ... require that constitutional claim, like others, to be first raised in state court. '[A] claim of ineffective assistance,' ... generally must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.'").

Alternatively, a petitioner may overcome procedural default by showing that a fundamental miscarriage of justice will occur if the claims are not considered. *Coleman*, 501 U.S. at 750; *Murray*, 477 U.S. at 495. A "fundamental miscarriage of justice" occurs in the "extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 495-96; *Schlup v. Delo*, 513 U.S. 298, 327 (1995). A valid actual innocence claim must be supported by new evidence not presented at trial that is so strong a court cannot have confidence in the outcome of the petitioner's trial. *Id.* at 315. In other words, a "petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327.

**Federal Habeas Claims Based on Alleged Errors of State Law**

The federal habeas statute, by its own terms, restricts the writ to state prisoners in custody in violation of federal law. 28 U.S.C. § 2254(a). Indeed, "[t]he writ of habeas corpus is not

available to remedy errors of only state law." *Smith v. Morgan*, 371 F. App'x 575, 582 (6th Cir. 2010) (citing 28 U.S.C. § 2254(a)); *see also Norris v. Schotten*, 146 F.3d 314, 328 (6th Cir. 1998) ("A claim based solely on an error of state law is not redressable through the federal habeas process."). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). To the extent a petitioner claims that his custody is a violation of state law, the petitioner has failed to state a claim upon which federal habeas relief may be granted. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). A claim for federal habeas relief based solely on the ground of alleged violation of state law is properly dismissed by the federal habeas court as non-cognizable. *Estelle*, at 67-68; *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007).

However, a claimed error of state law may nevertheless serve as the basis for federal habeas relief if such error resulted in the denial of "fundamental fairness" at trial. *Estelle*, 502 U.S. at 67-68; *see Rivera v. Illinois*, 556 U.S. 148, 158 (2009) ("The Due Process Clause . . . safeguards not the meticulous observance of state procedural prescriptions, but 'the fundamental elements of fairness in a criminal trial.'") (quoting *Spencer v. State of Texas*, 385 U.S. 554, 563-64 (1967)). The Supreme Court "very narrowly" defines the category of infractions that violate the "fundamental fairness" of a trial. *Bey*, 500 F.3d at 522. Such violations are restricted to offenses against "'some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'" *Bey*, 500 F.3d at 521 (quoting *Montana v. Egelhoff*, 518 U.S. 37, 43 (1996)). The petitioner bears the burden of showing a violation of a principle of fundamental fairness. *Id.*

**Pre-Guilty Plea Constitutional Violations**

On May 31, 2016, Mr. Stefan entered guilty pleas to five counts of pandering sexually oriented matter involving a minor (second-degree felony), and to a single count each of importuning, attempted unlawful sexual contact with a minor, and possession of criminal tools. (Id. at PageID 139). "Generally, a voluntary and unconditional guilty plea 'bars any subsequent non-jurisdictional attack on the conviction.'" *United States v. Corp*, 668 F.3d 379, 384 (6th Cir. 2012) (internal quotations omitted). This is so because:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973). "Thus, after the entry of an unconditional plea, a defendant may only attack the court's jurisdiction and the voluntary and intelligent character of the plea itself." *Werth v. Bell*, 692 F.3d 486, 495 (6th Cir. 2012). "[G]uilty pleas 'not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences.'" *Ruelas v. Wolfenbarger*, 580 F.3d 403, 408 (6th Cir. 2009) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970). The validity of the plea must be determined from the "totality of the circumstances." *Abdus-Samad v. Bell*, 420 F.3d 614, 631 (6th Cir. 2005) (citing *Brady*, 397 U.S. at 747).

When a habeas petitioner challenges the validity of his plea, "the state generally satisfies its burden [to show that the plea was voluntary and intelligent] by producing a transcript of the state court proceeding." *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993). "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). The

state court's factual finding that the plea was proper is accorded a presumption of correctness unless the transcript is inadequate to show that the plea was voluntary and intelligent. *Garcia*, 991 F.2d at 326-327; *see* U.S.C. § 2254 (e)(1). Under *Parke v. Raley*, 506 U.S. 20 (1992), and *Dunn v. Simmons*, 877 F.2d 1275 (6th Cir. 1989), the petitioner must overcome a heavy burden if a federal habeas court is to overturn a state court finding that he made a knowing and voluntary plea.

DISCUSSION

Mr. Stefan largely bases his claims on the circumstances surrounding his guilty plea and the perceived harsh nature of the sentence imposed.

## Ground One

**Stefan's trial counsel rendered ineffective assistance of counsel by [ ] advising Stefan to enter guilty pleas on Counts 3, 4, 5, 6, and 7, as they were either time-barred or the trial court lacked venue, or both in violation of the Sixth Amendment to the United States Constitution.**

On direct appeal, Mr. Stefan claimed his trial counsel was ineffective for advising him to enter guilty pleas to Counts 3 through 7, because Counts 3 through 5, alleging offenses occurring in 2005, were time-barred, and Cuyahoga County was not the proper venue for Counts 3 through 7. To the appellate court, Mr. Stefan argued his trial counsel's advice to plead guilty to those charges constituted deficient performance under *Strickland v. Washington*, 466 U.S. 866 (1984). The Eighth District Court of Appeals reviewed this claim on the merits:

**II. Ineffective Assistance of Counsel**

**A. Standard of Review**

{¶ 5} The Sixth Amendment of the United States Constitution guarantees the right to assistance of counsel because counsel plays an important role in our court system. "Counsel, * * * can also [ ] deprive a defendant of the right to effective assistance, simply by failing to render adequate legal assistance." *Strickland v. Washington*, 466

17

U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), citing *Cuyler v. Sullivan*, 446 U.S. 344, 345–350, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980).

> In order to substantiate a claim of ineffective assistance of counsel, the appellant must show that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defendant so as to deprive him of a fair trial. *State v. Trimble*, 122 Ohio St.3d 297, 2009–Ohio–2961, 911 N.E.2d 242, ¶ 98, citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Judicial scrutiny of defense counsel's performance must be highly deferential. *Strickland* at 689. The defendant has the burden of proving his counsel rendered ineffective assistance. *State v. Perez*, 124 Ohio St.3d 122, 2009–Ohio–6179, 920 N.E.2d 104, ¶ 223. The test is stated in the conjunctive, so the failure to demonstrate either prong is dispositive.

*State v. Dennis*, 8th Dist. Cuyahoga No. 104742, 2017–Ohio–4437, ¶ 17.

**B. Law and Analysis**

{¶ 6} In Stefan's first assignment of error, he argues that his trial counsel was ineffective because counsel advised Stefan to plead guilty to counts that were barred from prosecution because the statute of limitations had expired and the trial court lacked venue. Stefan argues that because he downloaded some of the child pornographic images in 2005, the time to charge him with those crimes has run out.

{¶ 7} Stefan cites R.C. 2901.13(A) as the reason why he cannot be charged with any crime he committed six years before he was indicted. R.C. 2901.13(A) states,

> Except as provided in division (A) (2), (3), or (4) of this section or as otherwise provided in this section, a prosecution shall be barred unless it is commenced within the following periods after an offense is committed: For a felony, six years.

However, the statute of limitations on Stefan's offenses did not start running until the offenses were discovered in 2015. R.C. 2901.13(G) states "[t]he period of limitation shall not run during any time when the corpus delicti remains undiscovered." Therefore, the statute of limitations started running when the police discovered the child pornography on Stefan's computers. *See State v. Caver*, 8th Dist. Cuyahoga No. 91443, 2009–Ohio–1272, ¶ 28 (The appellant was charged in 2007 for crimes that took place in 2000, beyond the six-year statute of limitations. However, the statute of limitations began in 2003 when his crimes were discovered.). Stefan's argument regarding the statute of limitations is without merit.

{¶ 8} Stefan also argues that venue in Cuyahoga County Common Pleas Court over the five counts of pandering sexually oriented material involving a minor was not

proper because his computer was located in Lorain County, where he resides. However, R.C. 2901.12(I)(1) states,

> When the offense involves a computer, computer system, computer network, telecommunication, telecommunications device, telecommunications service, or information service, the offender may be tried in any jurisdiction containing any location of the computer, computer system, or computer network of the victim of the offense, in any jurisdiction from which or into which, as part of the offense, any writing, data, or image is disseminated or transmitted by means of a computer, computer system, computer network, telecommunication, telecommunications device, telecommunications service, or information service, or in any jurisdiction in which the alleged offender commits any activity that is an essential part of the offense.

{¶ 9} The record reveals that Stefan's home computer was located in Lorain county; however, Stefan sent writings to the fictional 14–year-old in Cuyahoga County. Clearly, Stefan's writings were disseminated into and from Cuyahoga County on those occasions. Therefore, we find prosecution in Cuyahoga County was appropriate under R.C. 2901.12(I)(1).

{¶ 10} Additionally, R.C. 2901.12(H) states,

When an offender, as part of a course of criminal conduct, commits offenses in different jurisdictions, the offender may be tried for all of those offenses in any jurisdiction in which one of those offenses or any element of one of those offenses occurred. Without limitation on the evidence that may be used to establish the course of criminal conduct, any of the following is prima-facie evidence of a course of criminal conduct:

> (1) The offenses involved the same victim, or victims of the same type or from the same group.
> (2) The offenses were committed by the offender in the offender's same employment, or capacity, or relationship to another.
> (3) The offenses were committed as part of the same transaction or chain of events, or in furtherance of the same purpose or objective.
> (4) The offenses were committed in furtherance of the same conspiracy.
> (5) The offenses involved the same or a similar modus operandi.
> (6) The offenses were committed along the offender's line of travel in this state, regardless of the offender's point of origin or destination.

{¶ 11} The offenses Stefan pleaded guilty to were part of a course of criminal conduct because the offenses involved the same victim and victims of the same type (minors); the offenses were committed in furtherance of the same purpose or objective, and

involved the same or a similar modus operandi. *See State v. Ferrell*, 8th Dist. Cuyahoga No. 100659, 2014–Ohio–4377, ¶ 26. When an offender,

> [A]s part of a course of criminal conduct, commits offenses in different jurisdictions, the offender may be tried for all of those offenses in any jurisdiction in which one of those offenses or any element of one of those offenses occurred.

R.C. 2901.12(H).

{¶ 12} In this case, all of the victims were minors. Stefan used his computer to facilitate the meeting between him and someone who he believed to be a 14-year-old girl in order to engage in sexual activity. On the same computer, Stefan possessed pornographic images of minors. The pandering offenses were committed in furtherance of the same purpose or objective as the other offenses—Stefan's sexual gratification with minors. *See State v. Waters*, 8th Dist. Cuyahoga No. 103932, 2017–Ohio–650, ¶ 49. The offenses involved the same modus operandi. "Modus operandi means method of operating or doing things." *State v. Henry*, Erie C.P. No. 2013–CR–373 (Aug. 24, 2015). Stefan used his computer to engage in the charged offenses. Therefore, Stefan's assertion that Cuyahoga County was an improper venue to litigate his crimes is without merit. Stefan's counsel was not deficient or ineffective. We overrule Stefan's first assignment of error.

(ECF #10-1, PageID 250-54; *see also Stefan*, 2018 WL 565476, at *3-*4).

Mr. Stefan's ineffective assistance of counsel claim is meritless. The Sixth and Fourteenth Amendments guarantee criminal defendants the right to "reasonably effective assistance" of counsel. *Strickland*, 466 U.S. at 687. To establish that counsel's representation was constitutionally ineffective, a habeas petitioner must show that counsel's representation fell below an objective standard of reasonableness based on all the circumstances in the case, such that he did not function as "counsel" guaranteed by the Sixth Amendment, and counsel's deficient performance prejudiced the defense. *Id.* at 687-88. This is a highly deferential standard, and the petitioner must overcome the presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690.

The Eighth District adjudicated this claim on the merits, and therefore, this Court must give AEDPA deference to that adjudication. *Perkins v. McKee*, 411 F. App'x 822, 828 (6th Cir. 2011). In addressing Mr. Stefan's claims, the state appellate court correctly identified the *Strickland* standard as governing his ineffective assistance of counsel claim. The Eighth District found Mr. Stefan had not established a claim of ineffective assistance of counsel because there was no merit to his underlying claim that the statute of limitations for Counts 3 through 5 had expired by the time he was indicted, citing Ohio Rev. Code § 2901.13(G), which states "[t]he period of limitations shall not run during any time when the corpus delicti remains undiscovered."[1]

This Court is bound by a state court's interpretation of state law. The Eighth District determined the statute of limitations began to run when the offense was discovered in 2015, when the police found child pornography on Mr. Stefan's computer, and therefore, the prosecution was commenced within the six-year state of limitations. I presume the appellate court's factual determination that the child pornography was discovered in 2015 is correct, and Mr. Stefan has not rebutted this presumption with clear and convincing evidence to the contrary.

Similarly, the Eighth District Court of Appeals found no merit to Mr. Stefan's underlying claim that Cuyahoga County Court of Common Pleas was an improper venue for Counts 3 through 7 pursuant to Ohio Rev. Code § 2901.12. The appellate court determined Mr. Stefan used his computer, located in Lorain County, to disseminate writings to the fictional child in Cuyahoga County. The court further found that all the offenses to which Mr. Stefan pleaded guilty were part of a "course of criminal conduct," pursuant to Ohio Rev. Code § 2901.12(H),

---

[1]      "Corpus delicti" is the fact of a transgression. Corpus delicti, *Black's Law Dictionary* (11th ed. 2019).

allowing for the offender to be tried for all of those offenses in any jurisdiction in which one of those offenses or any element of one of those offenses occurred. This Court is bound by the state court's own interpretation of its laws and Mr. Stefan has not rebutted the presumption of correctness applied to the state court's factual determinations.

From these findings, the appellate court reasonably concluded Mr. Stefan's counsel could not have been deficient, thus not satisfying the first prong of the *Strickland* standard. Even if trial counsel had pursued a motion to dismiss on a statute of limitations defense or argued that venue was improper, the Eighth District determined those arguments do not have merit. If trial counsel could not have prevailed on the merits of a statute of limitations defense or an argument that venue was improper, his performance cannot reasonably be considered deficient for having not pursued those avenues of attack.

Mr. Stefan has not demonstrated that the Eighth District's determination was contrary to or an unreasonable application of clearly established federal law, or an unreasonable determination of the facts. As recognized by the appellate court, Mr. Stefan did not show his counsel was ineffective because even if his counsel had claimed a statute of limitations defense or asserted improper venue, those arguments could not have succeeded. The appellate court effectively found trial counsel's performance was not deficient, without which no claim for ineffective assistance of counsel can succeed. In light of the Eighth District's conclusion that Mr. Stefan's statute of limitations and improper venue claims would have failed on the merits, counsel was not required to raise that issue in order to be deemed effective. *See Smith v. Bradshaw*, 591 F.3d 517, 523 (6th Cir. 2010) (stating that counsel cannot be ineffective for failing to raise a meritless issue) (citing *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001).

22

Considering the double deference given to state court decisions under *Strickland* and AEDPA, I recommend the District Court deny Mr. Stefan's Ground One claim on the merits.

## Ground Two

**Petitioner's Due Process & Constitutional rights were violated when the trial court sentenced Stefan to a term of imprisonment contrary to law and where the record is insufficient to establish factual support for a sentence of maximum and consecutive terms of imprisonment.**

In his second ground for relief, Mr. Stefan asserts that at sentencing the trial court violated his due process rights because it failed to follow the appropriate sentencing statutes and failed to ensure that it was relying on accurate and appropriate information before imposing sentence. (Petition, ECF #1, PageID 30). He claims due process requires that sentencing determinations be based on reliable evidence, not speculation or unfounded allegations, and that a violation of due process exists when a sentencing judge relies on erroneous information. (ECF #19, PageID 38).

Respondent notes Mr. Stefan challenged his sentence under state law, thereby failing to state a federal constitutional claim. (*Id.*). Moreover, state law claims are non-cognizable on federal habeas review. (*Id.*). Last, Respondent argues that the Eighth District's decision was neither an unreasonable application of Supreme Court precedent, nor an unreasonable determination of facts in light of the evidence. (*Id.* at PageID 754). Respondent does not address Mr. Stefan's argument that the trial court relied on false or erroneous information when imposing his sentence.

In his Traverse, Mr. Stefan acknowledges the trial court referred to the appropriate sentencing statutes but did not apply them to the sentence and plainly imposed a sentence based on the sentencing scheme set forth in the trial court's self-penned law review article.(Traverse, ECF #23, PageID 752).

The Eighth District Court of Appeals analyzed the claim as follows:

23

### III. Sentence Contrary to Law

### A. Standard of Review

{¶ 13} "An appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 23.

> Appellate review of felony sentences is governed by R.C. 2953.08. *State v. Marcum,* 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 16. R.C. 2953.08(G)(2) provides that when reviewing felony sentences, a reviewing court may increase, reduce, or modify a sentence, or it may vacate and remand the matter for resentencing, only if we clearly and convincingly find that either the record does not support the sentencing court's statutory findings or the sentence is contrary to law. A sentence is contrary to law if the sentence falls outside the statutory range for the particular degree of offense or the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12. *State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907, ¶ 10, citing *State v. Smith*, 8th Dist. Cuyahoga No. 100206, 2014-Ohio-1520, ¶ 13.

*State v. Martin*, 8th Dist. Cuyahoga No. 104354, 2017-Ohio-99, ¶ 7.

### B. Law and Analysis

{¶ 14} In Stefan's second assignment of error, he contends his sentence is contrary to law because the trial court failed to properly consider R.C. 2929.11 and 2929.12 in imposing the sentence, and the sentence is clearly and convincingly unsupported by the record.

> R.C. 2929.11(A), governing the purposes and principles of felony sentencing, provides that a sentence imposed for a felony shall be reasonably calculated to achieve two overriding purposes of felony sentencing: (1) to protect the public from future crime by the offender and others, and (2) to punish the offender using the minimum sanctions that the court determines will accomplish those purposes. Furthermore, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. 2929.11(B).

R.C. 2929.12 delineates the seriousness and recidivism factors for the sentencing court to consider in determining the most effective way to comply

with the purposes and principles of sentencing set forth in R.C. 2929.11. The statute provides a non-exhaustive list of factors a trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses.

Id. at ¶ 9–10.

{¶ 15} This court has previously held that

> [a] trial court "fulfills its duty under the statutes by indicating that it has considered the relevant sentencing factors." *[State v.] Smith*, 8th Dist. Cuyahoga No. 100206, 2014-Ohio-1520, at ¶ 14, citing *State v. Saunders*, 8th Dist. Cuyahoga No. 98379, 2013-Ohio-490, ¶ 4. The trial court "need not go through each factor on the record—it is sufficient that the court acknowledges that it has complied with its statutory duty to consider the factors without further elaboration." *Id.*, citing *State v. Pickens*, 8th Dist. Cuyahoga No. 89658, 2008-Ohio-1407, ¶ 6. In fact, consideration of the appropriate factors set forth in R.C. 2929.11 and 2929.12 can be presumed unless the defendant affirmatively shows to the contrary. *State v. Jones*, 8th Dist. Cuyahoga No. 99759, 2014-Ohio-29, ¶ 13.

*Martin* at ¶ 11.

{¶ 16} The trial court did properly consider the factors of R.C. 2929.11 and 2929.12 in great detail. The trial court stated,

> COURT: I have to first start off with what the purposes and principles of sentencing are. Okay? The sentences that I impose must comply with these purposes and principles to punish you, all right, to protect the public from future crimes by you and others using what this court determines the minimum sanctions that the court determines accomplishes these purposes without imposing an unnecessary burden on state or local government resources.
>
> I always have to consider the need for incapacitation, deterrence, rehabilitation and restitution.
>
> The sentence I impose should be commensurate with and not demeaning to the seriousness of your conduct, its impact on the victim, and consistent with sentencings for similar crimes by similar offenders.
>
> The sentence I impose is not based on your race, your ethnicity, gender or your religion.

25

This is where it gets murky, and I say murky because the factors the court looks at under 2929.12(B) is the victim, physical injury to the victim, the serious physical harm, psychological harm to the victim, if you held a position of trust, the occupation led to the victim, the offender's reputation, the offender's relationship with the victim, if the offender acted for hire or was part of an organized activity, the offender was motivated by prejudice based on race or domestic relations or domestic violence, if the offender is a parent or custodian with the victim. They all relate to a victim.

Then you can look at the less serious issues. The victim induced or facilitated this offense. The offender acted under strong provocation. If the offender did not cause or expect to cause physical harm to a person or property, or there was substantial grounds to exist to mitigate your conduct.

Then you go to the [R.C.] 2929.12(D) factors. Was this committed while on bail or does he have a history of criminal convictions or has the offender responded favorably to sanctions previously imposed? Does he show a pattern of alcohol or drug use? Does he show no genuine remorse?

Then you look at the less likely recidivisms. No prior delinquencies. No prior adult convictions. Led a law-abiding life for a significant number of years. Or this offense was committed under circumstances unlikely to recur or the offender shows no genuine remorse.

Those are the factors that the court is to consider in sentencing an individual. This court looked at these cases, which caused this court to write a bar review because these factors really don't help a court in sentencing a defendant in these types of cases.

(Tr. 63–65.) Stefan's assertion is without merit.

{¶ 17} Stefan further argues that his sentence is not clearly and convincingly supported by the record. We disagree. Stefan possessed pornography of children between the ages of 5 and 11 years old, participated in online chat rooms for the purpose of meeting underaged girls to engage in sexual activity with them, and attempted to meet with someone who he believed to be a 14-year-old girl to engage in sexual activity with her. The investigator determined that the child pornography dated back to 1997.

[T]his court has upheld similar terms for similar offenders. *See, e.g., State v. Geddes*, 8th Dist. Cuyahoga No. 91042, 2008-Ohio-6489 (affirmed an 18-year sentence for six separate convictions of pandering sexually-oriented material involving a minor); *State v. Carney*, 8th Dist. Cuyahoga No. 95343, 2011-Ohio-2280 (affirmed a 24-year sentence for 20 counts of pandering

26

> sexually-oriented material involving a minor); *State v. Phillips*, 8th Dist. Cuyahoga No. 92560, 2009–Ohio–5564 (affirmed a 24–year sentence for 30 counts of pandering sexually-oriented matter involving a minor when convictions arose from defendant's use of a home computer to download and trade child pornography and defendant's contacting someone he believed to be a 12–year-old girl).

*State v. Bonness*, 8th Dist. Cuyahoga No. 99129, 2013–Ohio–2699, ¶ 18.

{¶ 18} Stefan's sentence of eight years is supported by the record.

> "The Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are grossly disproportionate" to the crime. *State v. Weitbrecht*, 86 Ohio St.3d 368, 373, 715 N.E.2d 167 (1999), quoting *Harmelin v. Michigan*, 501 U.S. 957, 1001, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991), (Kennedy, J., concurring in part and in judgment).

*Bonness* at ¶ 19.

{¶ 19} Stefan's sentence is not extreme or grossly disproportionate to his crimes. In fact, other offenders who committed the same or similar crimes have received far longer sentences. Therefore, Stefan's second assignment of error is overruled.

(ECF #10-1, PageID 2554; *see also Stefan*, 2018 WL 565476, at *4-7).

Mr. Stefan did not articulate these claims as violations of federal due process until this Petition. In his direct appeal, Mr. Stefan argued his claim in the context of state sentencing laws, Ohio Rev. Code §§ 2929.11, 2929.12, and 2929.14, whereas in his Petition, Mr. Stefan argued the trial court violated his due process rights by relying on unsubstantiated or materially false information in order to impose sentence. (*Compare* ECF #10-1, PageID 210-12 *with* ECF #1, PageID 38-44). Because Mr. Stefan did not fairly present this claim to the state court on direct appeal and can no longer do so under Ohio's doctrine of res judicata, this claim is procedurally defaulted. *See O'Sullivan*, 526 U.S. at 848; *see also State v. Combs*, 652 N.E.2d 205, 209 (Ohio Ct. App. 1994); *State v. Perry*, 10 Ohio St.2d 175, 175-76 (1967). Mr. Stefan has not argued that he can

27

overcome procedural default by showing cause and prejudice. He has not argued that the alleged constitutional violation resulted in the conviction of one who is actually innocent such that a fundamental miscarriage of justice will occur if the claim is not considered, nor has he presented new evidence to support the argument. Mr. Stefan has not overcome procedural default. For all these reasons, I recommend the District Court decline to address the merits of the claims in this ground for relief as procedurally defaulted and dismiss Ground Two of the Petition.

Moreover, the state court's adjudication of the claims did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state courts. (*See* Petition, ECF #1, PageID 43). During Mr. Stefan's sentencing hearing, the trial court determined the sentencing factors in Ohio Rev. Code § 2929.12, "really don't help a court in sentencing a defendant in these types of cases." (ECF #19-2, PageID 714). The trial court then elicited from the prosecutor that Mr. Stefan possessed twenty to twenty-five images of child pornography, the children depicted in those images were of prepubescent age ("under ten or eleven but not a toddler"), possessed child pornography as early as 1997, admitted to contacting other minor individuals using chat rooms and other internet sources, and attempted to meet the fictional fourteen-year-old three times before he was arrested. (*Id.* at PageID 715-19). Thereafter, the trial court stated, "I go through that painstakingly because I believe that's the analysis courts need[] to look at in fashioning a sentence that they believe to be fair and reasonable in these cases." (*Id.* at PageID 721). Mr. Stefan argues in a conclusory fashion that the trial court relied on information from the prosecutor that was unsubstantiated, inaccurate, and speculative, including the number of images Mr. Stefan possessed and the age range of the subjects of the images. (*Id.* at PageID 38, 42). The Eighth District determined the trial court appropriately addressed the non-

28

exhaustive sentencing factors in Ohio Rev. Code **§** 2929.12 and made certain factual

determinations, stating:

> Stefan possessed pornography of children between the ages of 5 and 11 years old, participated in online chat rooms for the purpose of meeting underaged girls to engage in sexual activity with them, and attempted to meet with someone who he believed to be a 14-year-old girl to engage in sexual activity with her. The investigator determined that the child pornography dated back to 1997.

 (*Stefan*, 2018 WL 565476 at \*6). The appellate court then identified similar terms upheld for

similar offenders and concluded the sentence was clearly and convincingly supported by the

record. Mr. Stefan's bare assertions that this evidence is not reliable is not clear and convincing

evidence that rebuts the presumption of the correctness of the Eighth District's factual

determinations. *See* 28 U.S.C. **§** 2254(e)(1). Because Mr. Stefan has not shown the state court's

adjudication resulted in a decision based on an unreasonable determination of the facts in light of

the evidence presented in the state court proceeding, the claims in Ground Two of his Petition fail

on the merits.

Should the District Court find Mr. Stefan has not procedurally defaulted the claims or has

overcome the procedural default, I recommend the Court find no merit in his assertions.

## Ground Four

Mr. Stefan's second and fourth grounds for relief raise interrelated claims; I therefore

discuss these out of order. Related to Ground Two of his Petition, Mr. Stefan additionally claims:

> Stefan's appellate counsel was ineffective for failing to assign as error trial counsel's ineffectiveness for trial counsel's failure to object upon the record to the trial court's sentencing error imposed upon Stefan where the Court's findings were not supported by the record.

Mr. Stefan's fourth ground for relief builds on the claimed error that the sentence was

contrary to law, but recharacterizes the error as one of ineffective assistance of counsel for not

objecting to the sentence. On direct appeal, the Eighth District rejected Mr. Stefan's claim that the sentence was not supported by the record, as detailed in the discussion of Ground Two. The Eighth District denied Mr. Stefan's application to reopen his direct appeal under App.R. 26(B), stating as follows:

> {¶ 11} Stefan's second argument is that his trial counsel was ineffective for failing to object to the trial court sentencing him to a term of imprisonment contrary to the statute and where its findings were not supported by the record pursuant to R.C. 2929.14. This argument is meritless. It is a rehashing of his appellate counsel's second assignment of error that the sentence was contrary to law. In fact, at times Stefan uses the identical language that his appellate counsel used. This court examined the argument and rejected it. To the extent that Stefan adds the argument that the trial court failed to make the requisite findings to impose consecutive sentences, the argument is unfounded. The trial court made the necessary findings at the hearing (tr. 75-76) and in the sentencing entry.
>
> {¶ 12} Accordingly, this court denies the application to reopen.

(ECF #10-1, PageID 336-37; *see also Stefan*, 2018 WL 4181472 at *1-3).

The Eighth District reasonably determined that trial counsel could simply not have been deficient for failing to object to a sentence that was not contrary to law. I recommend the District Court deny Ground Four on the merits.

## Ground Three

**Stefan's appellate counsel was ineffective for failing to assign as error, trial counsel's ineffectiveness for his failure to fulfill his adversarial role to the State's case during the plea negotiation process. Therefore, Stefan's plea was not knowingly, and intelligently given in violation of the Sixth Amendment, US Const.**

Mr. Stefan argues his appellate counsel was ineffective for failing to identify trial counsel's error in the plea negotiation process. He claims the prosecutor originally offered to nolle the pandering counts designated as felonies of the second degree if Mr. Stefan provided access codes to all electronic devices recovered in the search of his house and the substantive search of those

electronic devices did not reveal more child pornography; Mr. Stefan argues it was error for his trial counsel to fail to object when the prosecutor placed the plea agreement on the record that offered to nolle the pandering counts designated as felonies of the fourth degree. (Petition, ECF #1, PageID 48-49). Mr. Stefan made similar arguments in his application to open his direct appeal pursuant to Appellate Rule 26(B). The Eighth District Court of Appeals denied Mr. Stefan's application under Rule 26(B), stating:

> {¶ 2} In order to establish a claim of ineffective assistance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989); and *State v. Reed*, 74 Ohio St.3d 534, 1996-Ohio-21, 660 N.E.2d 456.

> {¶ 3} In *Strickland*, the United States Supreme Court ruled that judicial scrutiny of an attorney's work must be highly deferential. The court noted that it is all too tempting for a defendant to second-guess his lawyer after conviction and that it would be all too easy for a court, examining an unsuccessful defense in hindsight, to conclude that a particular act or omission was deficient. Therefore, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland* at 689.

> {¶ 4} Specifically, in regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld the appellate advocate's prerogative to decide strategy and tactics by selecting what he thinks are the most promising arguments out of all possible contentions. The court noted: "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Jones v. Barnes*, 463 U.S. 745, 751-752, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). Indeed, including weaker arguments might lessen the impact of the stronger ones. Accordingly, the court ruled that judges should not second-guess reasonable professional judgments and impose on appellate counsel the duty to raise every "colorable" issue. Such rules would disserve the goal of vigorous and effective advocacy. The Supreme Court of Ohio reaffirmed these principles in *State v. Allen*, 77 Ohio St.3d 172, 1996-Ohio-366, 672 N.E.2d 638.

{¶ 5} Moreover, even if a petitioner establishes that an error by his lawyer was professionally unreasonable under all the circumstances of the case, the petitioner must further establish prejudice: but for the unreasonable error there is a reasonable probability that the results of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. A court need not determine whether counsel's performance was deficient before examining prejudice suffered by the defendant as a result of alleged deficiencies.

{¶ 6} Appellate review is strictly limited to the record. *The Warder, Bushnell & Glessner Co. v. Jacobs*, 58 Ohio St. 77, 50 N.E. 97 (1898). Thus, "a reviewing court cannot add matter to the record that was not part of the trial court's proceedings and then decide the appeal on the basis of the new matter." *State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500 (1978), paragraph one of the syllabus. "Nor can the effectiveness of appellate counsel be judged by adding new matter to the record and then arguing that counsel should have raised these new issues revealed by the newly added material." *State v. Moore*, 93 Ohio St.3d 649, 650, 2001-Ohio-1892, 758 N.E.2d 1130. "Clearly, declining to raise claims without record support cannot constitute ineffective assistance of appellate counsel." *State v. Burke*, 97 Ohio St.3d 55, 2002-Ohio-5310, 776 N.E.2d 79, ¶ 10.

{¶ 7} The facts presented at the guilty plea and sentencing hearings showed that Stefan had an 18-year interest in child pornography. This interest had advanced to the point that he was seeking to meet underage girls through the internet. The Ohio Internet Crimes [A]gainst Children Task Force in a sex-related chat room set up a fictional profile of a 29-year-old mother with a 14-year-old daughter to intercept predators, and the task force intercepted Stefan. On this website, Stefan engaged in sexually explicit conversations with what he believed was a 14-year-old girl and arranged to meet with her to have sex. The task force three times confirmed that he traveled to different locations to hook up with her. On the third time, the task force arrested him. After his arrest and advisement of his Miranda rights, Stefan admitted that he had traveled to have sex with a 14-year-old girl. The execution of a search warrant revealed child pornography on CDs, DVDs, and other electronic devices.

{¶ 8} The grand jury indicted him on one count of importuning, one count of attempted unlawful sexual conduct with a minor, one count of possessing criminal tools, five counts of second-degree pandering sexually oriented matter involving a minor, and five counts of fourth-degree pandering sexually oriented matter involving a minor. Pursuant to a plea agreement, the state nolled the five fourth-degree pandering counts and agreed not to charge Stefan on any additional child pornography he possessed. Stefan pleaded guilty to the remaining charges, and the trial court sentenced him to an aggregate 11 years in prison.

{¶ 9} Stefan now argues that his appellate counsel should have argued ineffective assistance of trial counsel for not arguing that the state abrogated the plea bargain.

Stefan maintains that the initial agreement was that if he gave the passwords to all his electronic devices as requested by the state, and if none of those devices were found to contain any child pornography, then the state would nolle the five second-degree counts of pandering. Instead, it nolled the five fourth-degree counts, and Stefan complains that his trial counsel did not object.

{¶ 10} However, a thorough review of the entire record shows no indication that the state had ever agreed to nolle the second-degree felonies. That includes Stefan stating that he was satisfied with his trial counsel (tr. 31) and admitting that no threats of promises were made in securing the plea (tr. 32). Without some record support, appellate counsel properly rejected this argument.

(ECF #10-1, PageID 332-36; *see also State v. Stefan*, 2018 WL 4181472 at *1-3, *appeal not allowed*, 113 N.E.3d 553 (table)).

Evident from the decision, the Eighth District correctly identified the *Strickland* standard as governing Mr. Stefan's constitutional claim. The appellate court concluded appellate counsel was not ineffective because there was no evidence in the record indicating that the prosecutor ever agreed to nolle the second-degree felonies, and without record support appellate counsel appropriately rejected the argument. Mr. Stefan argues the appellate court's adjudication results in a decision that is based on an unreasonable determination of facts in light of the evidence presented, claiming as follows:

The Appellate Court is in error in light of the fact that the record in this case states in part the following:

And we did give Mr. Stefan an opportunity for a different result in this case. You know, we couldn't get into a lot of his devices. We asked for passwords to those devices to make sure there was no other child pornography. For the most part, I believe an ipad and some other devices and other computers, there was not child pornography found.

(ECF #1, PageID 50) (citing Sentencing Tr., ECF #19-2, PageID 701). Despite Mr. Stefan's assertion otherwise, the sentencing transcript does not clearly show that a plea deal to nolle the second-degree felonies existed, and he has not pointed to clear and convincing evidence to show

otherwise. (*See id.*). Therefore, Mr. Stefan has not shown that the appellate court's adjudication resulted in a decision based on an unreasonable determination of facts in light of the evidence presented. Moreover, the Eighth District concluded Mr. Stefan's appellate counsel was not deficient because there was no evidence in the trial court record to support trial counsel's alleged error in failing to identify the plea agreement Mr. Stefan describes. He has not shown that this was an unreasonable application of the *Strickland* standard. Therefore, I recommend the District Court deny Mr. Stefan's claims in Ground Three on the merits.

**Grounds Five and Six**

After the Eighth District denied Mr. Stefan's application to reopen under Appellate Rule 26(B) and the Ohio Supreme Court declined to accept jurisdiction of the appeal, Mr. Stefan, through counsel, filed a Petition to vacate or set aside the judgment of conviction or sentence with the trial court, asserting two claims, identical to Grounds Five and Six of this Petition, and requested an evidentiary hearing. (ECF #10-1, PageID 368-89). In Grounds Five and Six, Mr. Stefan asserts:

> **Ground Five**. Stefan's conviction and sentence is void or voidable as Stefan was denied his Constitutional right to effective assistance of counsel under the Sixth Amendment of the United States Constitution and Article I, Section 10 of the Ohio Constitution as defense counsel failed to fulfill his adversarial role against the State's case during the plea negotiation process and trial preparation stage.

> **Ground Six.** Stefan's conviction and sentence is void or voidable as Stefan was denied his Constitutional right to ineffective assistance of counsel under the Sixth Amendment of the United States Constitution and Article I, Section 10 of the Ohio Constitution as defense counsel coerced Stefan into entering a guilty plea with legal misadvisement of the use of evidence already in the State's possession; therefore Stefan was forced into pleading guilty, thereby making his plea not knowingly, intelligently, and voluntarily given.

34

Mr. Stefan's fifth ground argues the same underlying error as in Ground Three, that trial counsel coerced him into pleading guilty despite material changes to the substance of the plea agreement to nolle the fourth-degree felony pandering counts instead of the second-degree felony pandering counts. Mr. Stefan appended a number of exhibits to his Petition, including a string of emails between the prosecutor and trial counsel discussing a plea, an affidavit from Mr. Stefan, and affidavits from various of Mr. Stefan's family and friends. (*Id.* at ECF #10-1, PageID 390-409).

In the email exchange, dated in April 2016, Mr. Stefan's trial counsel and the prosecutor considered a deal that, if Mr. Stefan gave over his passcodes to the devices currently held as evidence and those devices did not reveal other child pornography than that already found, the State would nolle Counts 3 through 7, the second-degree pandering charges. (*Id.* at PageID 391-92). Mr. Stefan's own affidavit states that on May 31, 2016, trial counsel informed him the prosecutor had found additional child pornography on a DVD acquired during the search of his house in October 2015. (*Id.* at PageID 407). Mr. Stefan's counsel explained the prosecutor's newly-offered plea deal, that Mr. Stefan would plead guilty to Counts 1 through 7, including the second-degree felony pandering charges, and Count 13. (*Id.*). In exchange, the prosecutor would agree to not indict on the additional material found and dismiss the fourth-degree felony pandering charges. (*Id.*).

The trial court summarily denied Mr. Stefan's Petition without a hearing and without additional explanation. (*Id.* at PageID 420). Mr. Stefan, through counsel, appealed the trial court's decision, offering two assignments of error: (1) the trial court abused its discretion when it denied his postconviction petition, and (2) the trial court erred in denying the postconviction petition

where Mr. Stefan had presented enough evidence outside of the record to merit an evidentiary

hearing. (*Id.* at PageID 439).

The Eighth District affirmed the trial court's decision. (State Court Record, ECF #19-1,

PageID 590-600). The appellate court set forth the facts:

{¶2} Pursuant to an investigation by the Ohio Internet Crimes Against Children task force, Stefan was found to be engaging in sexually explicit conversations with an undercover officer posing as a 14-year-old child. Stefan was arrested on October 13, 2015, after traveling to meet the "child" for the purpose of engaging in sexual activity. A search warrant was executed at his city of Lorain home the following day to recover numerous electronic devices, some of which required additional passcodes, and others that were accessible and contained child pornography.

{¶3} On November 24, 2015, Stefan was indicted on a thirteen count indictment as follows: Count 1, importuning, a fifth-degree felony; Count 2, attempted unlawful sexual conduct with a minor, a fifth-degree felony; Counts 3 through 7, pandering sexually oriented material or performance in violation of R.C. 2907.322(A)(1), all second-degree felonies; Counts 8 through 12, pandering sexually oriented material or performance, in violation of R.C. 2907.322(A)(5), all fourth-degree felonies; and Count 13, possession of criminal tools, a fifth-degree felony. Stefan pleaded not guilty to all charges.

{¶4} According to emails between Stefan's trial counsel and the state of Ohio ("the State") — attached to his petition as exhibits — during the course of plea negotiations the State presented a plea agreement to Stefan. Under that agreement, the State would nolle counts 3-7 — pandering, all second-degree felonies — in exchange for Stefan's plea of guilty and all passwords and access codes to the devices recovered at his home. According to the emails provided, the State made clear that depending on what was found on Stefan's devices, he could face additional charges regardless of the existing terms of the deal. Stefan was prepared to accept that plea deal on May 31, 2016, the day the trial was to begin.

{¶5} Instead, when Stefan's attorney met with the State on May 31, 2016, the State proposed a new plea agreement. The State would nolle counts 8-12 — pandering, all fourth-degree felonies. The State also agreed not to charge him for additional pornographic material found on his devices. Stefan agreed to this new deal. That same day, Stefan pled guilty to: count 1 of importuning, a fifth-degree felony; count 2 of attempted unlawful sexual conduct with a minor, a fifth-degree felony; counts 3-7, pandering, all second-degree felonies; and count 13 of possession of criminal tools, a fifth-degree felony.

{¶6} On August 23, 2016, the court sentenced Stefan to the maximum sentence on each count. Stefan received eight-year sentences for each of counts 3-7, which were to run concurrent with each other. Stefan also received one-year sentences for each of counts 1, 2 and 13, to all run consecutive to each other as well as consecutive to his 8-year sentence. His total sentence was 11 years' incarceration, a Tier II sex offender classification as well as five years of mandatory postrelease control.

{¶7} Stefan timely appealed from that judgment and presented two assignments of error. State v. Stefan, 8th Dist. Cuyahoga No. 104979, 2018-Ohio-266 ("Stefan I"). Stefan argued that his counsel was ineffective for advising that he plead guilty on the grounds that several of his charges were potentially time barred. Stefan also argued that his sentence was contrary to law. We found his arguments lacked merit and affirmed the trial court on January 25, 2018, in Stefan I.

{¶8} Stefan timely filed an application to reopen his direct appeal pursuant to Crim.R. 26(B) on April 25, 2018. He alleged that his appellate counsel was deficient and should have raised additional arguments regarding the performance of his trial counsel. Stefan alluded to the initial, more favorable, plea offer and argued that his trial counsel had forced him to take the second offer because counsel was not aware the State would propose a new deal and had not prepared for trial. We denied his application on August 24, 2018. On December 12, 2018, the Ohio Supreme Court declined to review our denial of his application.

{¶9} On March 15, 2019, Stefan filed this petition for postconviction relief pursuant to R.C. 2953.21 and 2953.23. Stefan again argued that his trial counsel had been deficient and that his pleas were not valid because he had been forced into pleading guilty. Stefan attached email records between the State and his trial counsel referencing the initial plea offer. Stefan also attached affidavits from members of his family that asserted Stefan was ready to plead guilty only to the first agreement and that he had been caught off guard by the second plea offer. He again asserted that his counsel's advice was to plead guilty because counsel was not prepared for a trial. The State opposed his petition arguing that it was untimely and that an evidentiary hearing was unnecessary.

{¶10} The trial court denied his petition on March 28, 2019, without holding an evidentiary hearing; the court did not provide any reasoning. Stefan now appeals the denial of his untimely petition.

(Id. at PageID 590-94; see also State v. Stefan, 2020 WL 1623733, *1-*2 (Ohio App. Ct. 2020). The

appellate court determined the petition was untimely and the trial court properly denied the

motion; moreover, the trial court did not abuse its discretion in denying Mr. Stefan's request for a

hearing. (*Id.* at PageID 590-91). It stated:

### Assignment of Error No. 1

The trial court abused its discretion when it denied Stefan's petition for postconviction relief in violation of the Fifth, Sixth, and Fourteenth amendments to the United States Constitution.

{¶12} Stefan's argument is that he is entitled to relief under R.C. 2953.21(A) because he has presented evidence dehors the record that his counsel was ineffective and his plea was therefore not valid.

{¶13} As an initial matter we must note that his petition for postconviction relief is not timely. R.C. 2953.21(A)(2) provides that a petition for postconviction relief must be filed "no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction." Stefan's petition for postconviction relief was filed over two and a half years after the trial transcript in his direct appeal was filed in the court of appeals; his petition is therefore untimely. An untimely petition can still be reviewed however.

{¶14} R.C. 2953.23(A)(1) authorizes a trial court to address the merits of an untimely filed petition for postconviction relief only if both of the following apply:

(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

{¶15} Stefan concedes that his petition is untimely, but contends that he was unaware that the initial plea offer was not part of the record until April 25, 2018, when he filed his application to reopen.

38

{¶16} Pursuant to R.C. 2953.23(A)(1)(a), Stefan's argument can be summarized as follows. He was unavoidably prevented from discovering the initial plea offer was absent from the record. If he had this evidence he could prove that he and his counsel showed up on May 31, 2016, the day of trial, ready for Stefan to plead guilty to the terms of the initial plea offer. Instead, Stefan was presented with an alternative plea deal, defense counsel was unprepared to go to trial, and Stefan, therefore, had no choice but to plead guilty to the terms of the new agreement. In short, if not for the existence of the first plea offer, Stefan would have never pled guilty to the second. His arguments are without merit.

### R.C. 2953.23(A)(1)(a)

{¶17} In order for the trial court to address the merits of his untimely petition Stefan must first show that, pursuant to R.C. 2953.23(A)(1)(a), he was "unavoidably prevented from discovery of the fact upon which the petitioner must rely to present the claim for relief." In this case then, Stefan must show he was unavoidably prevented from discovering that his initial plea was not a part of the record. Stefan cannot do so.

{¶18} Stefan states that he believed the initial plea offer was a part of the record. He also argues that the mere existence of the first plea offer proves that he would have never pled guilty to the second plea but for ineffective assistance of counsel. But even if that were all true, Stefan still fails to prove that he was prevented from discovering the plea offer was not in the record.

{¶19} Stefan was in court on May 31, 2016, the day the record was created, and knew that no mention was made of his first plea offer. Further, he had access to the emails of his defense counsel — attached as affidavits to his petition — which prove the existence of the plea outside of the record. Finally, he had multiple opportunities during the pendency and resolution of his appeal to discover the plea offer. Stefan's discovery of the plea offer was not unavoidably prevented within the required 365-day statutory timeline.

{¶20} Stefan fails to meet the requirements under R.C. 2953.23(A)(1)(a), but even if he did qualify, he would still not meet the requirements of R.C. 2953.23(A)(1)(b).

### R.C. 2953.23(A)(1)(b)

{¶21} Under R.C. 2953.23(A)(1)(b), the petitioner, after meeting the requirements of R.C. 2953.23(A)(1)(a), must show "by clear and convincing evidence that, but for the constitutional error at trial, no reasonable factfinder would have found the petitioner guilty * * *."

{¶22} Generally, a petitioner who pled guilty and then files an untimely petition for postconviction relief does not qualify under R.C. 2953.23(A)(1)(b). Because the defendant has pled guilty, there is no trial; he cannot, therefore demonstrate that "but for constitutional error at trial" he would not have been found guilty. The defendant simply has no basis for arguing that reasonable factfinders would not have found him guilty when he himself is admitting guilt of a substantive crime. *See State v. Moon*, 8th Dist. Cuyahoga No. 101972, 2015-Ohio-1550, ¶ 34, citing *State v. Cool*, 9th Dist. Summit No. 24518, 2009-Ohio-4333, ¶ 14; *see also State v. Estridge*, 2d Dist. Greene No. 2005 CA 136, 2006-Ohio-5310, ¶ 8 (appellant did not meet burden under R.C. 2953.23(A)(1)(b) "because his guilty pleas operate as a waiver. [A] counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it quite validly removes the issue of factual guilt from the case.").

{¶23} We have, however, recognized that this rule must have exceptions. For example, in *State v. Moon*, we held that a guilty plea does not necessarily preclude relief under R.C. 2953.23(A)(1)(b) where the appellant is alleging that, because of ineffective assistance of counsel, his plea was not valid.

{¶24} *Moon* differs substantially from our case however. In *Moon*, counsel was alleged to have failed to file a motion to suppress that, if successful, would have prevented the State from presenting any evidence of the appellant's guilt. We could safely reason in *Moon* then that, absent evidence, a reasonable factfinder could not have found Moon guilty at trial. That is not the case here.

{¶25} Stefan alleges that he only pled guilty to the second plea agreement because his counsel was not prepared for trial, and that his counsel was not prepared for trial in anticipation of a different plea agreement being agreed to. Central to that argument is the admission that Stefan was prepared to plead guilty. True to a different plea agreement, but not to different facts. He is not alleging, like in *Moon*, that there is a scenario where he would not have admitted guilt; he cannot credibly meet the requirements of R.C. 2953.23(A)(1)(b) as a result.

{¶26} Stefan has failed to prove that he deserves relief under either prong of R.C. 2953.23(A)(1). Therefore, his petition is untimely and was properly dismissed.

{¶27} We turn now to his second assignment of error.

### Assignment of Error No. 2

The trial court erred in denying Stefan's petition for postconviction relief where he presented sufficient evidence dehors the record to merit an evidentiary hearing.

40

{¶28} A trial court's decision to deny a postconviction petition without a hearing is reviewed for abuse of discretion. *State v. Abdussatar*, 8th Dist. Cuyahoga No. 92439, 2009-Ohio-5232, ¶ 16. An "abuse of discretion" requires more than an error of law or of judgment; it "implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶29} We have consistently held that when a trial court lacks jurisdiction to hear a petition under R.C. 2953.23(A)(1), it is not an abuse of discretion to not conduct an evidentiary hearing. *See, e.g., State v. Bates*, 8th Dist. Cuyahoga No. 105766, 2017-Ohio-8408; *State v. Chapman*, 8th Dist. Cuyahoga No. 99960, 2014-Ohio-1059; *State v. Werber*, 8th Dist. Cuyahoga No. 100290, 2014-Ohio-609; *State v. Piasecki*, 8th Dist. Cuyahoga No. 98952, 2013-Ohio-1191, ¶ 21 (where the trial court lacked jurisdiction to hear petition under R.C. 2953.23(A)(1), trial court did not err in failing to conduct a hearing).

{¶30} The trial court was well within its discretion to deny Stefan's request for a hearing because the court lacked jurisdiction. His arguments are without merit.

{¶31} Judgment affirmed.

(*Id.* at PageID 594-99; *see also Stefan,* 2020 WL 1623733 at *2-4). The Eighth District determined Mr. Stefan's petition for postconviction relief was untimely and the trial court was not authorized to address the merits of his untimely petition because he did not make the required showings that he was "unavoidably prevented from discovery of the fact upon which the petitioner must rely to present the claim for relief," under R.C. § 2953.23(A)(1)(a), and that but for constitutional error, no reasonable fact-finder could have found him guilty, under § 2953.23(A)(1)(b).

Grounds Five and Six are procedurally defaulted for Mr. Stefan's failure to comply with state procedural rules in presenting this claim to the appropriate state court. *See Williams*, 460 F.3d at 806. Courts in the Sixth Circuit use the four-part *Maupin* test, described above, to determine whether a district court is precluded from reviewing federal habeas claims due to procedural default. First, in relevant part, a postconviction petition must be filed within 365 days of the date the trial transcript is filed in the court of appeals on direct appeal, Ohio Rev. Code

41

§ 2953.21(A)(2), unless a petitioner can show he was "unavoidably prevented from discovery of the facts upon which [he] must rely to present the claim for relief" and show "by clear and convincing evidence that, but for the constitutional error at trial, no reasonable factfinder would have found the petitioner guilty," Ohio Rev. Code § 2953.23(A)(1)(a), (b). Second, the Eighth District did enforce the state procedural rule and declined to review on the merits. Third, denying a postconviction motion based on untimeliness is an independent and adequate state procedural ground. *See, e.g., Smith v. Warden, Toledo Correctional Institution,* 780 Fed. App'x 208, 219 (6th Cir. 2019). Lastly, Mr. Stefan cannot show cause for his failure to timely file his postconviction petition. A habeas petitioner can show cause to excuse procedural default if he can show "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Wogenstahl,* 668 F.3d at 321. Mr. Stefan claims the email exchange between his trial counsel and the prosecutor was unavailable to him until his family retrieved it from his trial attorney. (ECF #23, PageID 766-67). This assertion is belied by the fact that the emails on which Mr. Stefan relies were available and in his trial counsel's possession as early as April 2016, when the emails were exchanged. Mr. Stefan has not shown cause sufficient to overcome procedural default.

Even if Ground Five is not procedurally defaulted, I conclude it fails on the merits. The arguments related to the underlying claims in Ground Five, ineffective assistance of counsel for his role in the plea negotiations, are the same arguments Mr. Stefan made in relation to Ground Three. Having determined Ground Three is meritless, I conclude Ground Five is also meritless: the appellate court, on direct appeal, reasonably determined the record did not support finding the prosecutor agreed to dismiss the second-degree felonies, and reasonably applied the *Strickland*

standard in accordance with Supreme Court precedent to conclude Mr. Stefan had not shown trial counsel's performance was deficient. I note the additional emails attached to the petition for postconviction relief do not aid Mr. Stefan's arguments, but rather clearly show that he would receive the benefit of having the second-degree felonies nolled if he turned over his passcodes *and the investigation did not reveal more child pornography*. Mr. Stefan acknowledged in his affidavit that the investigation purportedly revealed additional child pornography on a DVD and the prosecutor then offered to nolle the fourth-degree felonies and not pursue indictments based on the additional images, and that he, Mr. Stefan, agreed to the plea deal. (ECF #10-1, PageID 391-92, 407). I recommend the District Court deny Mr. Stefan's claims in Ground Five as without merit.

Moreover, while Ground Five is similar to Ground Three (which the Eighth District Court of Appeals addressed on the merits), the underlying claims in Ground Six have never been considered on the merits by the state courts, precluding merits review in this federal habeas court.

**Certificate of Appealability**

A habeas petitioner may not appeal the denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability (COA) and specifies the issues that can be raised on appeal. 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a district court has determined a petitioner's constitutional claim to be without merit, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong" before receiving a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the prisoner

43

shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* A showing that the appeal would succeed on the claim is not required to granting of a certificate of appealability. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Mr. Stefan has not made a substantial showing that his constitutional rights were violated. Reasonable jurists would not find this assessment of Mr. Stefan's claims debatable or wrong. A COA is thus unwarranted in this matter.

**CONCLUSION**

Following review, and for the reasons stated above, I recommend Mr. Stefan's Petition be **DISMISSED**. I further recommend that Mr. Stefan's request for an evidentiary hearing be denied because a determination could be made on the record. Finally, I recommend that Mr. Stefan not be granted a certificate of appealability.

Dated: August 15, 2022

DARRELL A. CLAY
UNITED STATES MAGISTRATE JUDGE

**Objections, Review, and Appeal**

**Within 14 days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to the proposed findings and recommendations of the Magistrate Judge.** *See* **Fed. R. Civ. P. 72(b)(2);** *see also* **28 U.S.C. § 636(b)(1); Local Civ. R. 72.3(b). Properly asserted objections shall be reviewed de novo by the assigned district judge.**

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal, either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the Report and Recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the Report and Recommendation; "a general objection has the same effect as would a failure to object." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the Magistrate Judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, at *2 (W.D. Ky. June 15, 2018) (quoting *Howard*, 932 F.2d at 509). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).