UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY P. STEFAN, *Pro Se*, | ) | Case No.: 1:19 CV 1894 |
| Plaintiff | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| WARDEN DOUGLAS FENDER, | ) | |
| Defendant | ) | <u>ORDER</u> |

Currently pending before the court in the above-captioned case is *Pro Se* Petitioner Gregory P. Stefan's ("Stefan" or "Petitioner") Petition for Writ of Habeas Corpus ("Petition") (ECF No. 1), pursuant to 28 U.S.C. § 2254. Under Local Rule 72.2, the court initially referred the matter to Magistrate Judge James R. Knepp II. The case was later transferred to Magistrate Judge Darrell A. Clay ("Magistrate Judge" or "Judge Clay") on November 23, 2022, pursuant to General Order 2020-26, to prepare a Report and Recommendation ("R & R") (ECF No. 24). For the following reasons, the court adopts Judge Clay's R & R (ECF No. 24), and denies the Petition (ECF No. 1) in its entirety.

Stefan filed his Petition (ECF No. 1) on August 21, 2019, challenging his guilty plea and sentence for five counts of pandering sexually-riented matters involving a minor (second-degree felony), a single count of importuning, attempted unlawful sexual contact with a minor, and possession of criminal tools. (R & R at PageID #776, ECF No. 24.) On August 23, 2016, Stefan received an aggregate sentence of eleven years of imprisonment and was declared a tier II sex offender. (*Id.*) Stefan's Petition asserts the following six grounds for relief:

> GROUND ONE: Stefan's trial counsel rendered ineffective assistance of counsel by [ ] advising Stefan to enter guilty pleas on Counts 3, 4, 5, 6, and 7, as they were either time-barred or the trial court lacked venue, or both in violation of the Sixth Amendment to the United States Constitution.
>
> GROUND TWO: Petitioner's Due Process & Constitutional rights were violated when the trial court sentenced Stefan to a term of imprisonment contrary to law and where the record is insufficient to establish factual support for a sentence of maximum and consecutive terms of imprisonment.
>
> GROUND THREE: Stefan's appellate counsel was ineffective for failing to assign as error, trial counsel's ineffectiveness for his failure to fulfill his adversarial role to the State's case during the plea negotiation process. Therefore, Stefan's plea was not knowingly, and intelligently given in violation of the Sixth Amendment, US Const.
>
> GROUND FOUR: Stefan's appellate counsel was ineffective for failing to assign as error trial counsel's ineffectiveness for trial counsel's failure to object upon the record to the trial court's sentencing error imposed upon Stefan where the Court's findings were not supported by the record.
>
> GROUND FIVE: Stefan's conviction and sentence is void or voidable as Stefan was denied his Constitutional right to effective assistance of counsel under the Sixth Amendment of the United States Constitution and Article I, Section 10 of the Ohio Constitution as defense counsel failed to fulfill his adversarial role against the State's case during the plea negotiation process and trial preparation stage.
>
> GROUND SIX: Stefan's conviction and sentence is void or voidable as Stefan was denied his Constitutional right to ineffective assistance of counsel under the Sixth Amendment of the United States Constitution, Article I, Section 10 of the Ohio Constitution as defense counsel coerced Stefan into entering a guilty plea with legal misadvisement [sic] of the use of evidence already in the State's possession; therefore Stefan was forced into pleading guilty, thereby making his plea not knowingly, intelligently, and voluntarily given.

(*Id.* at PageID #779 80.) Respondent Warden Douglas Fender ("Respondent") filed a Return of Writ (ECF No. 19) on January 6, 2021. In turn, Stefan filed his Traverse (ECF No. 23) on March 22, 2021. Judge Clay submitted his R & R (ECF No. 24) on August 15, 2022, recommending that the court deny and dismiss the Petition in its entirety. The R & R reiterates the pertinent findings and conclusions found and rendered by the Eight District Court of Appeals ("Eighth District") as to each

-2-

claim. As to Ground One, the Eighth District found that (1) Stefan's ineffective assistance of counsel claim lacked merit because there was no merit to his underlying claim that the statute of limitations, for counts 3 through 5, had expired prior to his Indictment; and (2) that Stefan's underlying claim that the Cuyahoga County Court of Common Pleas was an improper venue for counts 3 through 7, pursuant to O.R.C. § 2901.12, also lacked merit therefore requiring the court to give deference to that determination. *Perkins v. McKee*, 411 F. App'x 822, 828 (6th Cir. 2011). Furthermore, the R & R concludes that Stefan has not demonstrated that the Eighth District's determination was contrary to or an unreasonable application of clearly-established federal law, or an unreasonable determination of the facts. (R & R at PageID #792 93, ECF No. 24.) Next, in regard to Stefan's second ground for relief, the R & R concludes that Stefan's claim is procedurally defaulted because he did not articulate his claim as a violation of federal due process until his Petition, meaning that he did not "fairly present" his claim to the state court on direct appeal, thereby barring his attempt to do so now under the doctrine of *res judicata*. ( *Id.* at PageID #798.)

With respect to Stefan's third ground for relief, the R & R determines that the sentencing transcript does not clearly show that a plea deal to nolle the second-degree felonies ever existed, as Stefan alleges, and that Stefan has not pointed to clear and convincing evidence to show otherwise. (*Id.* at PageID #804.) As a result, the R & R determines that Stefan has not shown that the Eighth District's adjudication of the claim resulted in a decision based on an unreasonable determination of facts in light of the evidence presented. (*Id.* at PageID #805.) Further, the R & R finds that Stefan has not shown that the Eighth District unreasonably applied *Strickland v. Washington*, 466 U.S. 866 (1984), to his claim. (*Id.* at PageID #805.) Next, as to Stefan's fourth ground for relief, the R & R notes that Stefan's second and fourth grounds raise interrelated claims and arguments. (*Id.* at PageID #801.) In his fourth ground for relief, Stefan not only alleges that his sentence was imposed despite being contrary to the law, but also alleges that counsel erred and was ineffective when he failed to

object to the sentence. (*Id.*) The R & R reiterates the Eighth District's rationale which dismissed Stefan's argument, finding that Stefan's trial counsel was not ineffective for failing to object to a sentence that was imposed in accordance with the law and concludes that Stefan's fourth ground for relief fails on the merits. (*Id.*) Next, the R & R analyzes Stefan's fifth and sixth grounds for relief together, finding that both of them are procedurally defaulted for Stefan's failure to comply with state procedural rules, as Stefan failed to "fairly present" both claims to the appropriate state court. (*Id.* at PageID #812.) Moreover, the R & R determines that Stefan has not shown sufficient cause to overcome the procedural default, as the email exchanges he relies on, to form the basis of his ineffective assistance of counsel claims, were actually previously available to him before he filed his various petitions. (*Id.* at PageID #813.) Finally, the R & R also finds that Ground Five fails on the merits, incorporating the same reasoning as outlined in Stefan's third ground for relief. (*Id.*)

Although Objections were due by August 29, 2022, in accordance with Judge Clay's R & R, the court granted Stefan's Motion for Extension of Time to File Objections (ECF No. 25) on September 1, 2022, allowing him until September 26, 2022 to file an Objection. Shortly thereafter, Stefan submitted his Objection (ECF No. 26) on September 26, 2022. In his Objection, Stefan reasserts the same arguments that he previously raised. However, an objection that summarizes what has already been presented, or merely states a disagreement with a magistrate's conclusion, is not truly an objection. *Aldrich v. Bock*, 327 F.Supp.2d 743, 747 (E.D. Mich. 2004). After careful *de novo* review of the R & R, the parties' arguments, Stefan's Objection, and all other relevant materials in the record, the court finds that Judge Clay's recommendation is fully supported by the record and controlling case law. *See Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). Accordingly, the court adopts Judge Clay's R & R in its entirety and hereby dismisses the Petition. The court also certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability.

Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

      IT IS SO ORDERED.

                                            */s/ SOLOMON OLIVER, JR.*
                                            UNITED STATES DISTRICT JUDGE

December 29, 2022